612 So.2d 794 (1992)
Grace BUSH
v.
CANNATA'S SUPERMARKET, INC. d/b/a Cannata's Food World, Westfelt Properties, Inc., Westside Shopping Center, and the Travelers Insurance Company.
No. 91 CA 2142.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*795 Joseph L. Waitz, Houma, for plaintiff and appelleeGrace Bush.
G. Patrick Burvant, New Orleans, for defendant and appellantCannata's Supermarket, Inc.
Michael F. Frennan, New Orleans, for defendants and appelleesWestside Shopping Center and Travelers Ins. Co.
Before CARTER and LeBLANC, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal from a trial court judgment in a suit for damages.

FACTS
On June 22, 1988, plaintiff, Grace Bush, tripped and fell in the parking lot near the entranceway to Cannata's Food World (Cannata's), which is located in the Westside Shopping Center in Houma, Louisiana. As Bush approached the doorway to Cannata's, she tripped on a raised portion of the cement slab of the parking lot and fell, resulting in injuries to her knees as well as other damages.
On June 9, 1989, Bush filed the instant suit for damages against Cannata's Supermarket, Inc., d/b/a Cannata's Food World, Westfelt Properties, Inc. (Westfelt), Westside Shopping Center (Westside), and Westside's liability insurer, Travelers Insurance Company (Travelers).
Cannata's filed a third-party demand against Westfelt, Westside, and Travelers seeking indemnification and/or contribution based on the negligence of Westfelt and Westside.
Following a jury trial, the jury rendered a verdict on May 31, 1991, finding Bush 25% at fault and Cannata's 75% at fault. The jury determined that Westside was free from fault. On June 6, 1991, the trial court rendered judgment in favor of plaintiff and against Cannata's for $105,000.00 and dismissed plaintiff's claims against Westside and Travelers. The trial court also dismissed Cannata's third-party demand against Westside and Travelers. Thereafter, Cannata's filed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. The *796 motion was denied by judgment dated August 9, 1991. From these adverse judgments, Cannata's appeals, raising five issues for review.[2]

LIABILITY
Cannata's contends that the trial court erred in not holding Westside and Westfelt, the property owner, liable for the defect in the parking lot. Cannata's reasons that Westside knew or should have known of the defect and is, therefore, liable for Bush's damages.
On May 3, 1972, Westside and Cannata's entered into a "Lease Agreement" whereby Cannata's leased a building in which to conduct a supermarket business. Under paragraph IX, sub-paragraph (C) of the lease, entitled "Repair and Maintenance", the lease provides as follows:
LANDLORD agrees to maintain the surface of the parking area on the leased premises and or the remainder of the shopping center. TENANT agrees to share in the cost of the cleaning, sweeping and striping of the parking area and the maintenance of the parking area lighting ...
Paragraph XI, sub-paragraph (A) of the lease, entitled "Responsibility to Third Parties", provides that:
Upon delivery of the building, parking area and appurtenances to TENANT, TENANT shall assume full responsibility for their condition and LANDLORD shall not be liable for injury caused by any defect therein to the TENANT or anyone on the premises who derives his right to be thereon from the TENANT, unless the LANDLORD knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time. (emphasis added)
Although, under the terms of the lease, Westside had an obligation to maintain the surface of the parking area, it was conditioned upon other occurrences, particularly where third persons were involved. The lease recognized that, with respect to third party actions, Cannata's assumed full responsibility for the condition of the parking area until it shows that Westside either knew or should have known of the defect or had received notice thereof and failed to remedy the defect within a reasonable time.
Clifford Smith, a partner in Westside, testified that Westside understood its duty to maintain the parking lot and keep it free from defects. He noted that he inspected the parking lot at least twice each month throughout the lease term pursuant to this duty (even though the lease did not require that he do so). Smith stated that Westside received a letter from Cannata's in February of 1988 regarding defects in certain areas of the parking lot fronting Cannata's. Westside promptly inspected the area and made the necessary repairs. However, subsequent to this February notice, Westside did not receive notice of any other defects prior to the date of the accident involved herein.
Moreover, the lease required Cannata's to give written notification of parking area defects to Westside. The testimony established that Cannata's employees were aware of the condition which caused plaintiff's injury prior to the date of the accident and reported it to Cannata's main office. However, Cannata's never notified Westside of the defect, despite the fact that the defect got progressively worse immediately preceding the accident giving rise to the instant suit.
The issue of liability was submitted to the jury through written interrogatories, and the jury answered interrogatories three through eight as follows:
3. Was the accident caused by fault on the part of Cannata's?
Yes X No ___
4. Was the accident caused by fault on the part of Westside Shopping Center?
Yes ___ No X 
5. Was the accident caused by fault on the part of the plaintiff, Grace Bush?
Yes X No ___
*797 6. What was the degree of fault, if any, of the parties to this lawsuit expressed in percentage?

a) Cannata's 75%
 ---
b) Westside Shopping Center 0
 ---
c) Grace Bush 25%
 ---

7. Did Cannata's agree by contract to assume responsibility for the condition of the premises, thus relieving Westside Shopping center of that responsibility?
Yes X No ___
8. Did Westside Shopping Center know, should have known or had received notice of the vice or defect and failed to repair it within a reasonable time?
Yes ___ No X 
It is well settled that a court of appeal may not set aside a finding of fact by a trial court or a jury unless it is clearly wrong. Lirette v. State Farm Insurance Company, 563 So.2d 850, 852 (La.1990). A reviewing court must give great weight to the conclusions of the trier of fact and should not disturb reasonable evaluations of credibility and reasonable inferences of fact in absence of manifest error. Gulf Wide Towing, Inc. v. Associated Insurance Managers, Inc., 563 So.2d 432, 438 (La.App. 1st Cir.), writ denied, 567 So.2d 107 (La.1990).
A review of the record convinces us that the jury's findings as to liability were not clearly wrong; therefore, we affirm the verdict.

MOTION FOR JNOV AND ALTERNATIVELY FOR A NEW TRIAL
After the trial court rendered judgment, Cannata's filed a motion for judgment notwithstanding the verdict (JNOV) and, in the alternative, for a new trial. The motion was denied by judgment rendered on August 9, 1991.
The standard for determining whether to grant a JNOV is explained in State, Department of Transportation and Development v. Wahlder, 554 So.2d 233, 235-236 (La.App. 3rd Cir.1989) as follows:
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
On appeal, it is the responsibility of the appellate court to review the decision of the trial court as to the JNOV and reverse the judgment if it concludes that the trial court was manifestly erroneous. State, Department of Transportation & Development v. Ford, 520 So.2d 774, 776 (La.App. 3rd Cir.1987), writ denied, 522 So.2d 564 (La. 1988); Wooten v. Louisiana Power & Light Company, 477 So.2d 1142, 1145 (La. App. 1st Cir. 1985).
A motion for a new trial should be granted when the verdict is clearly contrary to the law and evidence and, in any case, if there is good ground therefor. LSA-C.C.P. art. 1972 and 1973. Louisiana jurisprudence is clear that a new trial should be ordered when the trial judge, exercising his or her discretion, is convinced by his or her examination of the facts that judgment would result in miscarriage of justice. Tudela v. Broussard, 581 So.2d 1068, 1069-70 (La.App. 5th Cir.1991).
After a thorough review of all the evidence in the light most favorable to Westside, we find that the trial court was not manifestly erroneous in its denial of Cannata's motion for JNOV. Nor do we find that the trial court erred in denying Cannata's motion for new trial. The lease clearly provides that the parking area is the responsibility of Cannata's unless Westside *798 knew or should have known of the defect or received notice of the condition and failed to remedy it within a reasonable period of time. Cannata's did not show that reasonable minds could not arrive at a verdict contrary to that of the jury or that there are good grounds for a new trial.

CONCLUSION
For the foregoing reasons, the trial court judgment dismissing plaintiff's claims against Westside and Travelers and dismissing the third-party demand against Westside and Travelers is affirmed. The judgment denying Cannata's motion for JNOV and new trial is also affirmed. Costs of this appeal are assessed against Cannata's.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Although the opinion does not specifically address each issue raised by the appellant, the opinion adequately disposes of all pertinent issues.