710 So.2d 1160 (1998)
Ronnie R. DAVID and Tara K. David
v.
Craig L. MEEK, Cathy M. Meek and Cajun Pest Control, Inc.
No. CA 97 0523.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*1161 Ronnie J. Palmer and MacAllynn J. Achee, Baton Rouge, for Plaintiffs/Appellants Ronnie R. David and Tara K. David.
Dennis A. Pennington, Baton Rouge, for Defendants/Appellees Craig L. Meek and Cathy M. Meek.
George G. Caballero and Philip G. Caire, Baton Rouge, for Defendant/Appellee Cajun Pest Control, Inc.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Plaintiffs, Ronnie R. and Tara K. David (the Davids), challenge the trial court's judgment which denied the motion for new trial filed by the Davids and maintained the peremptory exceptions of prescription filed by defendants, Craig L. and Cathy M. Meek (the Meeks) and Cajun Pest Control, Inc. (Cajun). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The Davids purchased a house in Zachary, Louisiana, from the Meeks on August 29, 1989.[1] That same day, Cajun purportedly inspected the house for termite damage and issued a "Wood Destroying Infestation Insect Report" and an "Inspection Certificate," stating that after careful visual inspection of the property, no visible evidence of active infestation from wood destroying insects was found. At some (disputed) point in time thereafter, Mr. David inspected an area underneath his house, which is built on a raised *1162 pier foundation, and discovered what he believed to be rotten wood and termite infestation. He called Orkin to inspect his house, and on December 5, 1992, Orkin confirmed there was termite damage and active infestation.
In February 1993, the Davids sent a demand letter to the Meeks. Thereafter, on October 23, 1993, the Davids filed suit against the Meeks and Cajun, seeking rescission of the sale based on redhibition or alternatively, damages. In response, the Meeks filed an answer denying the allegations, a peremptory exception of prescription, and a cross-claim against Cajun. Cajun also filed an exception of prescription.
On March 6, 1995, a hearing was held on defendants' exceptions. At the hearing, Mr. David's deposition and Orkin's December 5, 1992 "Inspection/Treating Report" were introduced into evidence. Judgment was rendered sustaining defendants' exceptions and dismissing plaintiffs' claim, with prejudice. Plaintiffs filed a motion for new trial, complaining that the trial court had improperly denied Mr. David the opportunity to testify.
At the hearing on the motion for new trial, Mr. David testified, in an effort to explain or recant portions of his prior deposition testimony. The trial court denied plaintiffs' motion for a new trial, and again maintained the exceptions.
Plaintiffs appeal, assigning as error that the trial court: (1) failed to find that the plaintiffs filed suit within one year of acquiring knowledge of the termite damage and (2) failed to apply the doctrine of contra non valentem, as plaintiffs were unaware of their cause of action until within one year of filing suit.

DISCUSSION
A motion for new trial should be granted when the judgment is clearly contrary to the law and evidence and, in any case, if there is good ground therefor. LSA-C.C.P. arts. 1972 and 1973. Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Bush v. Cannata's Supermarket, Inc., 612 So.2d 794, 797 (La. App. 1st Cir.1992). The granting or denying of a motion for new trial rests within the wide discretion of the trial court, and its determination should not be disturbed absent a clear abuse of discretion. Hogan v. State Farm Auto Ins. Co., 94-0004, p. 9 (La.App. 1st Cir. 12/22/94); 649 So.2d 45, 51; writ denied, 95-0215 (La.3/17/95); 651 So.2d 276, 277.
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. The objection of prescription may be raised by the peremptory exception at any time before submission of the case to the trial court for a decision. LSA-C.C.P. arts. 927 and 928. If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Tranum v. Hebert, 581 So.2d 1023, 1030 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La.1991). Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the plaintiff to show that prescription has not tolled because of an interruption or a suspension. Tranum, 581 So.2d at 1030. In their petition, filed on October 26, 1993, plaintiffs sought rescission of the August 29, 1989 sale of their home due to the redhibitory defect of termite infestation, or alternatively, a judgment for damages. Thus, the Davids had the burden of showing their claim had not prescribed.
A redhibitory defect is one that renders the thing purchased useless or so inconvenient that it is presumed the buyer would not have bought it had he known of the defect. LSA-C.C. art. 2520. Generally, a seller warrants the buyer against redhibitory defects. Termite infestation and damage constitute a redhibitory defect for which a plaintiff has a right to rescind the sale, provided suit is filed within the provided prescriptive period. See Amend v. McCabe, 95-0316, p. 10 (La.12/1/95); 664 So.2d 1183, 1188; Brouillette v. Ducote, 93-990, p. 10 (La.App. 3rd Cir. 3/2/94); 634 So.2d 1243, 1249.
*1163 A claim in redhibition has different prescriptive periods, depending on whether or not the seller was aware of the defect in the thing sold. Pursuant to LSA-C.C. art. 2534, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the date of delivery to the buyer. However, as against a seller who knew, or is presumed to have known of the defect, the action for redhibition prescribes in one year from the day the defect was discovered by the buyer. LSA-C.C. art. 2534B. As a general rule, prescription begins to run from the time there is sufficient notice as to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim. Maison Blanche, Inc. v. Louisiana Department of Labor, Office of Employment Security, 604 So.2d 670, 674 (La.App. 1st Cir.), writ denied, 608 So.2d 178 (La.1992).
Applying these precepts herein, if the Meeks were not aware of the alleged defect in the property sold, the Davids were required to file suit within one year of the date of the sale, pursuant to LSA-C.C. art. 2534A(2). We note at the outset that although plaintiffs offered the Orkin report to support their claim that the damage was longstanding, there is no evidence in the record to suggest that the Meeks were aware of any alleged termite damage and infestation prior to or at the time the property was sold.
However, even if we accept the Davids' unsupported claim that the termite infestation and damage existed at the time of the sale, and that the Meeks had knowledge of the termite problem prior to the sale, we must nonetheless conclude, as did the trial court, that the Davids had allowed their claim to prescribe.
At the hearing on defendants' exceptions of prescription, Mr. David's deposition was introduced into evidence, wherein he stated that he became aware of the possibility of termite damage and infestation in August of 1992, when he crawled under his house to discover the origin of a sewer odor. At the time, he saw rotten wood and what he suspected was a termite tunnel. He eventually called Orkin to inspect his house, and received a termite damage report in December of 1992. At the hearing on the motion for new trial, Mr. David recanted this earlier deposition testimony regarding the date on which he initially suspected termite damage, and attempted to explain the discrepancies in his testimony as attributable to his nervousness at the time of the deposition. However, in determining when Mr. David became aware of the insect infestation, it is clear that the trial court chose to believe Mr. David's earlier deposition testimony, rather than accepting as correct the November 1992 date referred to in his testimony at the hearing on the motion for new trial.
In reviewing the trial court's factual findings, this court employs a manifest error, clearly wrong standard. This court may not reverse a factual finding of the trial court unless we find: (1) a reasonable factual basis for the trier of fact's finding does not exist in the record, and (2) the record establishes that the finding is clearly wrong. Thus, the issue to be resolved by this court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The factfinder's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflicts exist in the testimony. Stobart, 617 So.2d at 882 (La.1993).
Here, Mr. David gave two differing versions of when he discovered the redhibitory defect, and the trial court accepted Mr. David's deposition testimony as establishing the date when he discovered the defect. On review, we are unable to say the trial court was manifestly erroneous in concluding that Mr. David was made aware of possible termite infestation and damage under his home in August of 1992. Thus, we find no error in the trial court's ultimate determination that any claim in redhibition against the Meeks, even as sellers with knowledge of the redhibitory defect, would have prescribed in August of 1993, more than two months before the filing of suit on October 26, 1993.
*1164 Turning to the Davids' claims against Cajun, we likewise find no error in the trial court's ruling that any claim against this defendant was also prescribed. As against Cajun, the Davids' claim is one in tort, for negligently conducting an inspection of the house and issuing a certificate stating that termite infestation was not found. LSA-C.C. 2315; see also Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007, 1014 (La.1993). Thus, the Davids' claim against Cajun was subject to a one year prescriptive period, which commenced running the day the injury or damages were sustained. LSA-C.C. art. 3492. However, on appeal, plaintiffs urge us to reverse the trial court's finding that any claim against Cajun had prescribed, by applying the doctrine of contra non valentem to preserve plaintiffs' claim.
The doctrine of contra non valentem prevents the running of prescription where, among other things, a cause of action is neither known nor knowable by plaintiff even though plaintiff's ignorance is not induced by defendant. Brunett v. Department of Wildlife and Fisheries, 96-0535, 96-0536, p. 6 (La.App. 1st Cir. 12/20/96); 685 So.2d 618, 621, writ denied, 97-0186 (La.3/14/97); 689 So.2d 1385.
Here, prescription began to run against the Davids at the latest when Mr. David went under his house in August of 1992 and noticed termite tunnels, and not when Orkin confirmed his suspicions in December of 1992. After careful review of the record, we are unable to say the trial court was manifestly erroneous in its factual finding that Mr. David had notice of possible damage and infestation as early as August, 1992, when he conducted an inspection under the house. The record supports this finding and it is not manifestly erroneous.
Moreover, finding no manifest error in the trial court's factual determinations, and that the record supports the conclusion that the Davids' claims against the Meeks and Cajun had prescribed, the trial court properly maintained the exceptions of prescription and denied the motion for new trial.

CONCLUSION
For the above reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed against plaintiffs, Ronnie R. David and Tara K. David.
AFFIRMED.
NOTES
[1] Although the act of sale was dated August 29, 1989, according to Mr. David's deposition testimony, the Davids did not sign the act until September 14, 1989.