759 So.2d 905 (2000)
Sondra M. RUBY
v.
Allen R. JAEGER and XYZ Insurance Company.
No. 99-CA-1235.
Court of Appeal of Louisiana, Fourth Circuit.
March 22, 2000.
Rehearing denied April 19, 2000.
Writs Denied June 30, 2000.
*906 John V. Lawrence, Abita Springs, LA, Counsel for Plaintiff/Appellant.
Charles A. Kronlage, Jr., Kronlage & Kronlage, APLC, New Orleans, LA, Counsel for Defendant/Appellee.
(Court composed of Chief Judge ROBERT J. KLEES, Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY).
KIRBY, Judge.
In this appeal of a slip and fall case we need to review two issues. The first is whether plaintiff, Sondra Ruby, satisfied her burden of proof as stated in LSA-R.S. 9:2800.6. The second is whether the trial court had the right to amend its original judgment and find comparative fault on a Motion for New Trial.

STATEMENT OF THE FACTS
The plaintiff, Sondra M. Ruby, went to the New Fitzgerald's Seafood Restaurant on December 4, 1992, accompanied by her husband, son and daughter-in-law. Upon arrival, the hostess led their party toward the dining area. The hostess, plaintiff's son, and daughter-in-law all preceded the plaintiff and safely traversed the walkway where plaintiff fell. The walkway where plaintiff fell was made of vinyl and, when new, was shaped so as to imitate a brick and mortar floor. In the place where plaintiff fell, plaintiff's son and daughter-in-law testified there was a small amount of a clear liquid on the floor. However, no one testified to seeing the liquid prior to plaintiff's fall.
The plaintiff fell near the alleged liquid and landed on her right foot. Her son placed her in a chair and then her husband carried her to the car, whereupon she was taken to East Jefferson General Hospital. Ms. Ruby's foot was diagnosed as fractured in four places. Because Mr. Ruby was an employee of the LSU system, they elected to consult with the Chief Orthopaedic Surgeon at LSU. Mrs. Ruby was transported to Hotel Dieu (now University Medical Center) and surgery was performed on her foot.
Surgery necessitated the placement of metal pins for stability of the fracture site. These pins extended through Mrs. Ruby's skin, causing them to stick out at odd angles. She was hospitalized for three days following surgery. Thereafter, another procedure was necessary to remove the pins from Mrs. Ruby's foot, which involved unscrewing the pins from the growing bones in her foot.
Mrs. Ruby was placed in a non-walking cast for approximately three months and confined to a wheelchair. Her doctor removed all casts six months after the injury. Mrs. Ruby then underwent physical therapy for another six months. Dr. Dehne, the treating physician, prescribed orthotics[1] to be worn in Mrs. Ruby's shoes for the rest of her life.

STATEMENT OF THE LAW
To determine whether the plaintiff satisfied her burden of proof we first look to Louisiana Revised Statute 9:2800.6, which states:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's precises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant *907 and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive Notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
Defendant's brief raised the issue that plaintiff had not shown that the defendant restaurant had constructive notice of the liquid on the floor. This showing would be required of the plaintiff if the merchant had not created "the condition which caused the damage." LSA-R.S. 9:2800.6(B)(2). The record shows that the area where plaintiff fell was not near the entrance of the restaurant, so as to exclude the possibility of rain water being tracked in by other clients. The exhibits reveal that an oyster bar, water faucet and hose were near the area where the liquid was found. A permissible view of these facts is that the liquid, six inches in diameter, would have come from the ice at the oyster bar or the hose. Moreover, from the Reasons for Judgment of the trial court one can deduce a finding of fact that the merchant did create the condition which caused the damage. For these reasons we find that plaintiff did satisfy the evidentiary burden imposed by LSA-R.S. 9:2800.6. Plaintiff did not have to show constructive notice because in this case the restaurant or its employees had created the condition which caused the damage.
In reviewing the trial court's implicit factual finding that plaintiff proved the restaurant created the hazardous condition, this court employs a manifest error, clearly wrong, standard. This court may not reverse a factual finding of the trial court unless we find: (1) a reasonable factual basis for the trier of fact's finding does not exist in the record, and (2) the record establishes that the finding is clearly wrong. Thus, the issue is whether the factfinder's conclusion was a reasonable one. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). Here, given the location of the oyster bar, the ice, the water faucet and hose, it is reasonable to conclude that the clear liquid on the floor was due to the restaurant or its employees. Thus, we have no authority to alter the finding that plaintiff met her burden of proof.
Our second issue to review is whether the trial court had the authority to amend the original judgment and assign 50% comparative fault to the plaintiff on a Motion for New Trial and/or Remittitur.
Louisiana Code of Civil Procedure Article 1972 states that a new trial should be granted "when the verdict or judgment appears clearly contrary to the law and the evidence." La.C.C.P. Art.1973 gives the trial judge the discretionary power to grant a new trial "if there is good ground therefor..." Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Bush v. Cannata's Supermarket, Inc., 612 So.2d 794, 797 (La.App. 1st Cir.1992); David v. Meek, 97-0523 (La.App. 1st Cir. 4/8/98), 710 So.2d 1160. The granting or denying of a motion for new trial rests within the wide *908 discretion of the trial court, and its determination should not be disturbed absent a clear abuse of discretion. Hogan v. State Farm Automobile Ins. Co., 94-0004, p. 9 (La.App. 1st Cir. 12/22/94), 649 So.2d 45, 51; writ denied, 95-0215 (La.3/17/95); 651 So.2d 276; David v. Meek, 97-0523 (La. App. 1st Cir. 4/8/98), 710 So.2d 1160.
In its Reasons for Judgment the trial court states that in its original judgment it did not account for the jurisprudential principle that: "...A patron in such an area is also charged with using reasonable care for his(her) own safety, which includes observing and avoiding obvious hazards." Clark v. Ark-La-Tex, 593 So.2d 870, 877 (La.App. 2nd Cir.1992). Also the trial court found that the plaintiff violated a duty to herself for not being attentive to where she was going and not having seen what she should have seen. Siau v. Rapides Parish School Board, 264 So.2d 372, 375 (3rd Cir.1972).
The trial court was within its authority as delineated by the Code of Civil Procedure to amend its judgment so that it would not be contrary to these legal principles, principles which the trial court admitted it did not take into account in its original judgment. Because it was in the trial court's discretion to grant a new trial[2], we see nothing in its amended judgment which constitutes manifest error.[3] For these reasons we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] An orthotic is an implant placed in a shoe to correct for deviations due to an injury.
[2] See La. C.C.P. Art(s). 1972 and 1973.
[3] Supra, Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993).