807 So.2d 1054 (2002)
Gilda CRAWFORD
v.
CITY OF NEW ORLEANS and Entergy Services, Inc., et al.
No. 2001-CA-0802.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 2002.
Leonard A. Washofsky, J. Courtney Wilson, New Orleans, LA, Counsel for Plaintiff/Appellant.
Joseph K. West, Marcus V. Brown, Louis L. Galvis, Kenneth P. Carter, New Orleans, LA, Counsel for Defendant/Appellee.
*1055 MICHAEL E. KIRBY, Judge.
Plaintiff/Appellant Gilda Crawford appeals a 22 November 2000 judgment of the trial court denying her motion for rehearing and/or new trial of a 25 October 2000 judgment granting summary judgment in favor of defendant/appellee Entergy New Orleans, Inc. ("Entergy") and dismissing plaintiffs case against it.

FACTS AND PROCEDURAL HISTORY
Plaintiff filed this suit in July of 1995 for injuries that she allegedly sustained when she stepped into a hole caused by soil subsidence adjacent to an Entergy installation housing electrical equipment. The installation was located in the ground between the sidewalk and the street. Her petition named as defendants the City of New Orleans ("the City"), Entergy Services, Inc., Louisiana Power and Light Company, and New Orleans Public Service Inc.(collectively referred to as "Entergy").
Plaintiff moved on 6 October 1999 to set this matter for trial and the court set a trial date of 19 January 2000. On that date, however, the matter was reset for 19 June 2000.
On 5 May 2000, Entergy filed an expedited motion to compel plaintiff to answer discovery that had been forwarded to her in September of 1995. Entergy's motion was set for hearing on 16 June 2000. Plaintiff opposed Entergy's motion and filed a motion to compel against Entergy seeking to compel answers to discovery propounded to Entergy in January of 2000. Plaintiff additionally filed a motion to compel a telephone deposition concerning the unavailability of some of her medical bills, as well as a motion to determine the admissibility of a statement of benefits. Plaintiffs three motions were set for 16 June 2000 as well. Apparently, Entergy opposed plaintiffs motion to compel against it. On 13 July 2000, all parties to the action entered into a stipulation regarding the four motions that had been docketed for 16 June 2000. Therein, plaintiff and Entergy agreed to provide complete responses to each other's discovery by 14 July 2000.
Meanwhile, on 3 June 2000, the City had filed a motion to continue the 19 June 2000 trial date. The court signed that motion on 16 June 2000, at which time the matter was continued without date. On or about 12 August 2000, plaintiff filed a second motion to set for trial. Entergy filed a memorandum in opposition to plaintiffs motion to set for trial arguing that plaintiff had filed the motion in violation of Civil District Court Rule 10.1 ("CDC Rule 10.1") that requires the mover to certify that trial counsel have conferred and that all discovery had been completed and the matter was ready for trial. Therein, Entergy claimed that trial counsel for all parties had not conferred, and that plaintiff clearly could not believe that all discovery was complete, as she had filed a notice of art. 1442 deposition directed at Entergy on the same date that she had filed her motion to set for trial. No new trial date was ever set.
On 7 September 2000, Entergy filed a motion for summary judgment; the motion was assigned a hearing date of 20 October 2000. Plaintiff filed an ex parte motion to continue Entergy's summary judgment on 10 October 2000, on the grounds that, before filing its motion for summary judgment, Entergy had assured counsel for plaintiff that a deponent would be made available, but that it had not followed through with the promised deposition. Plaintiff filed a supplemental ex parte motion to continue the summary judgment seven days later to which it attached various correspondence between counsel for Entergy and her counsel evidencing Entergy's willingness to participate in an art. 1442 deposition. Entergy did not file an opposition to the motion to continue. Apparently, *1056 the trial court took up both Entergy's motion for summary judgment and plaintiff's motion to continue that motion on 20 October 2000. In a judgment dated 25 October 2000, the trial court granted Entergy's motion for summary judgment and dismissed the proceedings as to it.
On 31 October 2000, plaintiff filed a motion for rehearing and/or new trial and a request for reasons for judgment. The trial court denied plaintiffs motion, and issued the following reasons for judgment on 22 November 2000:
Counsel for plaintiff signed and filed into the record a Motion to Set for Trial in which he certified, pursuant to Local Rule 10, that issues were joined and discovery was complete. Subsequent to that certification, a Motion for Summary Judgment was filed on behalf of Entergy New Orleans, Inc. Based on counsel for plaintiff's prior certification that discovery was complete, this Court denied plaintiff's Motion to Continue the hearing on the Summary Judgment, in order that plaintiff could undertake additional discovery.
After hearing on the Motion for Summary Judgment, the Court found that there were no genuine issues of material fact and that defendant was entitled to judgment as a matter of law.
Judgment was rendered accordingly.
Plaintiff then timely filed this devolutive appeal from the judgment denying his motion for a new trial.

DISCUSSION
Civil District Court Rule 10 is entitled "Assigning Cases for Trial." Section 1 of the rule provides, in pertinent part, as follows:
Each division of the court shall maintain a weekly trial docket. No case shall be placed upon any docket for trial, except by order of the court, granted upon motion by a party, suggesting to the court that all issues propounded in the principal and incidental demands have been joined; that cases which should be consolidated have been consolidated; that all exceptions have been disposed of; motions for summary judgment heard; all discovery completed; and that the case is ready for trial on its merits. Said motion shall be signed by the attorney for the mover who shall certify that trial counsel for all parties have conferred, in person, to confirm the foregoing have been accomplished. [emphasis added]
According to La. C.C.P. art. 1601, "a continuance may be granted in any case if there is good ground therefor." La. C.C.P. art. 1602 provides, in pertinent part, that "[a] continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case." When not mandated by article 1602, the granting of a motion to continue is discretionary with the trial court. Further, the trial judge has wide discretion in controlling his docket, in case management, and in determining whether a motion for continuance should be granted. Therefore, this court, absent a showing of abuse of that discretion, will not disturb a decision on a motion for continuance. Krepps v. Hindelang, 97-980 (La. App. 5 Cir. 4/15/98), 713 So.2d 519, 527. [Citations omitted].
In deciding whether to grant or deny a continuance, fairness to both parties and the need for orderly administration of justice are proper considerations to be taken into account by the trial court. Norwood v. Winn Dixie, 95-2123 (La.App. 1 Cir. 5/10/96), 673 So.2d 360, 362. [Citations omitted].
In her sole assignment of error, the plaintiff asserts that the trial court abused its discretion by denying her motion *1057 to continue Entergy's motion for summary judgment and by granting the motion for summary judgment without opposition. More specifically, plaintiff asserts that it was an abuse of discretion for the trial court to apply CDC Rule 10.1 to deny her request to continue the summary judgment so that she could do additional discovery, but to ignore the Rules' equal application against Entergy's untimely motion for summary judgment. Accordingly, plaintiff requests that this court reverse the trial court and remand this case so that her previously requested discovery can go forward before the resetting of Entergy's motion for summary judgment.
Plaintiff points out that both the parties and the court had ignored CDC Rule 10.1 following her initial filing of a motion to set for trial in October of 1999. To that effect, plaintiff stated that the parties filed and the court set for hearing various discovery motions. In addition, plaintiff directs attention to the 13 July 2000 stipulation wherein she and Entergy agreed to provide each other with outstanding discovery by 14 July 2000. Finally, plaintiff asserts that Entergy had, simultaneously with the filing of its summary judgment motion, advised plaintiff that it was "more than willing to participate in an Art. 1442 deposition" and it had provided plaintiff with several available dates for the taking of that deposition. Accordingly, plaintiff argues that Entergy never raised the argument that she had waived her right to conduct any further discovery.
Plaintiff has not, in this appeal, addressed the merits of Entergy's summary judgment. Because the only issue before us in this appeal is the appropriateness of the trial court's denial of plaintiffs request to continue the hearing on Entergy's motion for summary judgment, the merits of Entergy's summary judgment are irrelevant to our inquiry.
Entergy, on the other hand, claims that the trial court did not abuse its broad discretion in denying plaintiffs motion to continue. It argues that in the instant case, plaintiff has twice moved to set the matter for trial, once in October of 1999 and again in August of 2000, both times certifying that the matter was ready for trial in accordance with Rule 10.1. Citing Greenhouse v. C.F. Kenner Associates Ltd. Partnership, 98-0496 (La.App. 4 Cir. 11-10/98), 723 So.2d 1004, Entergy asserts that "this court has ruled that the filing of two motions to set trial by a plaintiff was sufficient to suggest that all discovery had been completed." Consequently, Entergy asserts that plaintiff cannot now avoid summary judgment by complaining that discovery has not been completed.
In Greenhouse, we noted that the case had been set for trial on two different occasions prior to the hearing on the motion for summary judgment. We found that Ms. Greenhouse's motion to set for trial was sufficient to suggest to the court that all discovery had been completed in the case at least by August 9, 1996, when she filed her witness and exhibit list. In addition, we found several other factors that undermined Ms. Greenhouse's contention that discovery had not been completed at the time the summary judgments were entered. First, Ms. Greenhouse failed to indicate what additional discovery needed to be conducted. Second, the record revealed that Ms. Greenhouse failed to take any steps to conduct additional discovery during the two-month period between the filing of the motions for summary judgment and the hearing on those motions. Finally, the record indicated that the discovery issue was not even raised in the trial court prior to the entry of the summary judgments. Under the circumstances, we found no merit in Ms. Greenhouse's contention that the trial court had improperly entered summary judgment *1058 because a substantial amount of discovery still needed to be conducted. Id. at p. 3, 723 So.2d at 1006, 1007.
We are of the opinion that the trial court clearly abused its discretion in its unequal application of CDC Rule 10.1. In opposing plaintiff's second motion to set the matter for trial in August of 2000, Entergy asserted that trial counsel for all parties had not conferred to agree that all discovery was complete and that the case was ready for trial. It was Entergy who stated in its memorandum in opposition to plaintiff's motion to set for trial that "this case is obviously not ready to be set for trial." Unlike the scenario before us in Greenhouse, the plaintiff herein has indicated which additional discovery needs to be conducted, that being the art. 1442 deposition of Entergy. Attached to plaintiff's supplemental motion to continue the hearing on Entergy's summary judgment are various correspondences between counsel for plaintiff and counsel for Entergy evidencing plaintiff's efforts to have that deposition take place, as well as Entergy's willingness to participate in that deposition. Further, unlike the situation in Greenhouse, the plaintiff filed a motion to continue the summary judgment, citing the need for the earlier requested discovery, with the trial court ten days before the scheduled hearing.
Entergy had agreed to its art. 1442 deposition before it filed its motion for summary judgment. No trial date was pending at that time. The trial court clearly erred in allowing the late filing of Entergy's summary judgment without also allowing the plaintiff adequate time to complete the deposition which it had requested prior to the filing of the summary judgment. Fairness to both parties and the need for orderly administration of justice dictate that the motion to continue should have been granted. See Norwood, 95-2123 p. 3, 673 So.2d at 362.
The 22 November 2000 judgment of the trial court denying plaintiff's motion for new trial is reversed, as is the court's 25 October 2000 judgment denying plaintiff's motion to continue and granting summary judgment in favor of Entergy. This matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.