MAX N. TOBIAS, JR., Judge.
| ¡.This case involves the appeal of a ruling by the Civil Service Commission of the City of New Orleans (“CSC”) to reinstate Carl Butler (“Butler”), an employee of the Department of Property Management (“DPM”), who was terminated following a positive result for marijuana on a random drug test. Because the City" of New Orleans, the appointing authority in this case, failed to present evidence of the chain of custody for the drug test at the hearing before the CSC hearing officer, the CSC found that it failed to carry its burden of proof in its case to justify its termination *1136 of Butler. As a result, the CSC ultimately found that Butler should be reinstated to his former position with full back pay. The appointing authority filed this appeal of that decision.
Butler, a plant engineer, was a permanent employee with the DPM with a clean employment record and employed for multiple years.[1] On 17 May 2004, Butler was required to submit to a random drug test in the course of his employment and a specimen was collected by Concentra New Orleans, L.L.C. (“Concentra”) at its office and subsequently transported to and tested by Kroll | ^Laboratory Specialists, Inc. (“Kroll”).[2] On 18 June 2004, Butler was notified via certified mail that he had tested positive for “marijuana metabolite” in violation of CAO Policy # 89 and was terminated as of the date of the letter. He appealed his termination to the CSC and a hearing was set.
The hearing was held before a CSC hearing officer on 6 October 2004. Present at the hearing were Butler; Pearl Cantrelle (“Cantrelle”), Acting Director, of the DPM; Pernell Denet (“Denet”), Personnel Division Chief for the DPM; and counsel for both Butler and the appointing authority.
Cantrelle testified that the CAO policy in question was a zero-tolerance policy for drugs and that any employee who tested positive for an illicit substance was subject to immediate termination. She was familiar with Butler, but did not know what substance(s) he had tested positive for pri- or to the hearing, only that he had failed a random drug test.[3] She stated that although the drug testing policy was a zero-tolerance policy, DPM employees were allowed to keep their jobs if they came forward with drug problems and sought treatment prior to testing positive for an illegal substance. She testified that once an employee tested positive for an illegal substance, she had no discretion as to whether that employee was allowed to keep his or her job; termination was mandatory according to departmental policy. She confirmed that the only reason for Butler’s termination was the positive drug |4test. She did not know of any negative information regarding his job performance or contained in his personnel record other than the drug test result.
Denet testified that the specimen collected from Butler was collected by Con-centra at its office in New Orleans and that the testing was done by Kroll at its facility, but she could not offer any testimony regarding the chain of custody of the specimen. She indicated that she was aware of the need for authentication of the chain of custody of a specimen subjected to drug testing, but she did not have any *1137 personal knowledge of the chain of custody of Butler’s sample.
After presenting testimony from its two witnesses at the hearing, the appointing authority almost rested its case, but was interrupted by the hearing officer, who reminded the attorney for the appointing authority that it had not introduced any exhibits. The appointing authority then attempted to admit into evidence three documents, including the laboratory report prepared by Kroll reflecting the results of Butler’s drug test. Butler lodged an objection to admittance of the Kroll report into evidence as impermissible hearsay insofar as no witness had been presented to testify regarding the chain of custody of the specimen. The hearing officer, noting the importance of authenticating testimony for the report under our jurisprudence, sustained Butler’s objection.
The appointing authority then asked the hearing officer to keep the record open so that it could arrange for the appearance of a witness who could establish the chain of custody of the sample. The hearing officer refused, citing that the proper time for a “continuance” is before a hearing begins, while the proper time for a recess was before the appointing authority rested. In the hearing officer’s minutes, he noted that he felt that it would have been an abrogation of Butler’s rights to allow the appointing authority to come back with a new witness simply | ^because it failed to make its case at the current hearing. The hearing officer indicated that he would have been more kindly disposed to a motion to continue raised prior to the examination of witnesses in this matter.
On 11 October 2004, the appointing authority filed a motion to reopen the case to permit it the opportunity to present additional testimony to establish the chain of custody of the tested specimen and admit the report of the drug test into evidence. The CSC denied the motion, affirming the decision of the hearing officer, and issued written reasons why Butler should be reinstated with full back pay.
The appointing authority assigns two errors to the CSC: first, it asserts that the hearing officer abused his discretion by not granting the appointing authority a “continuance” so that it could subpoena the appropriate witnesses for the hearing.[4] Second, it asserts that the CSC erred in not granting a new trial to the appointing authority.
It is well established that where the only cause for termination of a permanent employee in the classified civil service is a positive result on a drug test, and where there is no corroborating evidence of a substance abuse problem or any other misconduct, it is imperative that the appointing authority present evidence documenting the chain of custody of the tested sample with great care in order to establish that the employee was properly terminated. Blappert v. Department of Police, 94-1284, pp. 5-6 (La.App. 4 Cir. 12/15/94), 647 So.2d 1339, 1343; Murray v. Department of Police, 97-2650, p. 9 (La.App. 4 Cir. 5/27/98), 713 So.2d 838, 843-844; Guggenheim v. New Orleans Police Department, 99-2804, p. 4 (La.App. 4 Cir. 7/12/00), 773 So.2d 752, 754. Because civil service employees who have permanent status may be terminated only for cause, a failure to establish cause for the termination necessitates the reinstatement of the employee. No cause can be found to exist where the incriminating drug test is inadmissible against the employee and no corroborating evidence of misconduct exists.
*1138 Further, we note that pursuant to City Civil Service Rule II, Section 4.11(b), a hearing before the CSC is to be conducted “in accordance with the Code of Civil Procedure.” Article 1602 of the Code of Civil Procedure provides inter alia that a continuance of a hearing “shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his ease.” It is well-established that, when a continuance is not mandated by article 1602, a trial judge (or hearing officer) has wide discretion in determining whether a motion to continue should be granted. Crawford v. City of New Orleans, 01-0802 (La.App. 4 Cir. 1/23/02), 807 So.2d 1054. Absent an abuse of that discretion, a reviewing court will not reverse a trial court’s (or hearing officer’s) denial of a motion for to continue on appeal. Id. at pp. 4-5, 807 So.2d at 1056, citing Krepps v. Hindelang, 97-980, p. 15 (La.App. 5 Cir. 4/15/98), 713 So.2d 519, 527.
Further, a new trial may be granted “if there exist good grounds therefore.” La. C.C.P. art',1973. Review of a denial of a motion for new trial is also subject to an abuse of discretion standard. Ruby v. Jaeger, 99-1235, p. 5 (La.App. 4 Cir. 3/22/00), 759 So.2d 905, 907-908, citing Hogan v. State Farm Auto. Ins. Co., 94-0004, p. 9 (La.App. 1 Cir. 12/22/94), 649 So.2d 45, 51, and David v. Meek, 97-0523 (La.App. 1 Cir. 4/8/98), 710 So.2d 1160.
|7Given that the motion for new trial was based on the appointing authority’s failure to present sufficient evidence to carry its burden of proof at the hearing and was not caused by any unfortunate or unforeseen circumstance, we do not find that the CSC abused its discretion in denying the motion. Although the appointing authority points to its right .to exercise control over its employees and to have a work force that is drug-free, Butler is also vested with rights that preclude re-opening of the matter for further testimony.
In the case sub judice, the appointing authority admits that without evidence to establish the chain of custody of the tested sample, Butler must be reinstated. It admits that no subpoenas were issued for any representatives from Concentra or Kroll for the hearing in question and offers no reason for the failure other than DPM’s oversight. In short, the appointing authority offers no compelling reason that Butler should not be reinstated.
For the foregoing reasons, we find that the CSC did not abuse its discretion in refusing the appointing authority a “second- bite at the apple” after it had appeared at the hearing apparently ready to proceed. Its failure to present sufficient evidence to justify Butler’s termination necessarily resulted in his reinstatement. The ruling of the CSC is affirmed.
AFFIRMED.

. Although Butler’s personnel record was not made part of the record on appeal, the record includes a document signed by Butler reflecting receipt of the substance abuse policy applied to city employees, which is dated 24 September 1999, and which was "to be signed by new employees.” Furthermore, the DPM's acting director testified that, other than the random drug result, his employment record was clear.

. No copy of Butler's drug test results is included in the record; we refer to the testimony of the witnesses of the appointing authority for the information regarding and contained in the report. We ascertained the corporate names of Concentra and Kroll by referencing the Louisiana Secretary of State corporate database.

.In addition to testing positive for "marijuana metabolite”, the testimony of the witnesses and the opinion issued by the CSC indicate that Butler also tested positive for two other controlled substances; we have no information regarding what those substances were, or why they were "removed” from the results of the drug test by either Kroll or the appointing authority. It remains uncontroverted that the only result used as grounds for Butler’s termination was the one for marijuana.

. We note that at the time the issue was raised by the appointing authority at the hearing, the proper procedural device would have been a motion to recess and not a motion for a continuance, as recognized by the hearing officer.