958 So.2d 70 (2007)
Tremekia J. BOYKINS
v.
Darren J. BOYKINS.
No. 2004-CA-0999.
Court of Appeal of Louisiana, Fourth Circuit.
April 24, 2007.
Rehearing Denied May 23, 2007.
*72 Roderick Christopher Patrick, World Trade Center, New Orleans, LA, for Plaintiff/Appellee.
Darren J. Boykins New Orleans, LA, In Proper Person, Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
*73 MICHAEL E. KIRBY, Judge.
In this domestic matter, Darren Boykins appeals the trial court judgment partitioning the community property owned by Mr. Boykins and his former wife, Tremekia Boykins.
The parties were married on June 26, 1999, and the community property regime was terminated as of June 10, 2002. The trial court rendered a judgment of divorce on June 25, 2003. Subsequent to the judgment of divorce, a three-day trial was held on Ms. Boykins' petition to partition community property. The trial court rendered judgment on October 8, 2003, recognizing certain assets as community assets of the parties. The court set forth a detailed list of these assets, and a detailed list of community debts and ordered that all assets and liabilities of the community be adjudicated to Ms. Boykins. The court stated that its order required Ms. Boykins to extinguish the entire community debt. Included in the community assets were two businesses co-owned by the parties, Jazz City Parking of New Orleans, Inc. ("Jazz City Parking") and Daily Klean Janitorial Supply Company ("Daily Klean"). The court specified that it was granting Ms. Boykins full ownership in Jazz City Parking, all inventory, assets and debts of Daily Klean and all movable property acquired during the community. The court also stated that all other property not specifically enumerated in the judgment as community property was adjudicated as separate property of the parties.
Mr. Boykin was awarded all items of personal property in his possession as described in Ms. Boykins' sworn descriptive list, and the judgment listed those items. The court also allocated to Mr. Boykins the obligation for the GrayStar mortgage encumbering the Convention Center lot owned by the parties in the original amount of $81,000.00 plus interest and penalties, and ordered Mr. Boykins to extinguish the mortgage.
The judgment further ordered that Ms. Boykins is to receive reimbursement for separate funds paid on community obligations, and the judgment listed those items. The parties were each awarded the items of clothing and furniture in their possession, and were each ordered to pay their own federal and state tax obligations that accrued during the existence of the community. The court denied Ms. Boykins' claims relating to Mr. Boykins' dental work and amounts paid to Divine Providence Full Gospel Baptist Church, and also denied Mr. Boykins' claim for reimbursement for payments made by the community on Ms. Boykins' separate mortgage during the existence of the community. After tallying the assets and liabilities of the parties, and taking into account the reimbursement amounts ordered by the court, the court ordered Mr. Boykins to make an equalizing payment to Ms. Boykins, within thirty days, in the amount of $6,890.17. The court further ordered the parties to take all steps necessary, including executing any reasonably necessary documents, to give the judgment effect.
In reasons for judgment, the trial court noted that in support of her sworn descriptive list, Ms. Boykins presented credible testimony supported by a number of exhibits on the value of the community assets and debts. She also presented her original checking account statements, check registers and cash receipts to support her claims of reimbursement. Mr. Boykins chose not to take the stand or produce any testimony, but instead relied upon a few items of evidence and additional proffers. The court found that Mr. Boykins did not present any credible proof in his behalf.
Mr. Boykins appealed the trial court judgment, and has set forth twelve *74 assignments of error in his appeal brief. In his first assignment of error, Mr. Boykins argues that the trial court erred as a matter of law in not following the provisions of La. R.S. 9:2801 relative to the partitioning of community property. Mr. Boykins claims that the trial court erred in not allowing him to submit his sworn descriptive list into evidence, even though the court allowed Ms. Boykins to submit her sworn descriptive list. The record shows that Ms. Boykins introduced her sworn descriptive list into evidence at the beginning of the three-day trial. Her attorney noted that the documents introduced at trial by Ms. Boykins were available to Mr. Boykins' prior counsel for review before trial began. Mr. Boykins did not attempt to submit his sworn descriptive list into evidence until the third day of trial, and Ms. Boykins' attorney had not seen the list prior to that time. For these reasons, the trial court refused to allow Mr. Boykins to introduce his sworn descriptive list into evidence.
A trial court is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal unless there is an abuse of that discretion. Miller v. Southern Baptist Hospital, XXXX-XXXX p. 5 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15. The trial court's decision to exclude Mr. Boykins' list was not an abuse of discretion. Furthermore, the court's decision to accept Ms. Boykins' list was not an abuse of discretion.
Mr. Boykins also argues that the trial court erred in accepting the valuations listed in Ms. Boykins' sworn descriptive list. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The trial court stated in its reasons for judgment that Ms. Boykins presented credible testimony in support of her sworn descriptive list. We conclude that the trial court's credibility determination was reasonable, and the decision to accept the valuations provided by Ms. Boykins was neither manifestly erroneous nor clearly wrong.
Mr. Boykins further objects to the procedures used by the trial court in determining the partitioning of community property, and in the allocations ordered by the court regarding the community assets and liabilities. A review of the record shows that the trial court properly followed the provisions of La. R.S. 9:2801 in this partition proceeding. Furthermore, we find no merit in Mr. Boykins' argument that the trial court failed to allocate all the assets and liabilities of the parties. Mr. Boykins did not properly offer evidence of the additional liabilities that he claims were not listed in Ms. Boykins' sworn descriptive list. Accordingly, the trial court did not err in failing to allocate other liabilities allegedly owed by the parties.
Mr. Boykins' second argument is that the trial court erred in not granting his request for a continuance. A trial judge has wide discretion in controlling his docket, in case management, and in determining whether a motion for continuance should be granted. Crawford v. City of New Orleans, XXXX-XXXX, p. 4 (La.App. 4 Cir. 1/23/02), 807 So.2d 1054, 1056. Absent a showing of abuse of that discretion, a trial court's decision on a motion for continuance will not be disturbed on appeal. Id. Mr. Boykins made his request for a continuance on the day trial was scheduled *75 to begin. In denying the continuance, the trial court noted that the parties had been given ample opportunity to prepare for trial and notice that trial was going to go forward on the scheduled date. We find no abuse of discretion in the trial court's decision to deny Mr. Boykins' request for a continuance of trial.
Mr. Boykins' third argument is that the trial court erred in granting Ms. Boykins reimbursement for expenses relating to three vehicles. He claims that these vehicles were used exclusively by Ms. Boykins during her separation from Mr. Boykins, and that she should be responsible for these expenses. Ms. Boykins listed these items in her sworn descriptive list of community property. Mr. Boykins failed to offer any evidence to rebut that these vehicles were community property. Thus, the trial court's decision to order Mr. Boykins to reimburse Ms. Boykins for ½ of the expenses relating to these items was not error.
The fourth argument is that the trial court erred in placing judgments in its reasons for judgment. Specifically, Mr. Boykins objects to the trial court's statements in its reasons for judgment regarding the division of tax liabilities for Jazz City Parking, and the obligation of Mr. Boykins in the event that Ms. Boykins extinguishes the GrayStar obligation. Reasons for judgment are not controlling and do not constitute the judgment of the court. Kaufman v. Adrian's Tree Service, Inc., 2000-2381, p. 3 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102, 1104. A trial court's reasons for judgment, while defining and elucidating a case, form no part of the official judgment it signs and from which appeals are taken. Id. In this case, even though the trial court improperly included language normally used in judgments in portions of the reasons for judgment, nothing in the reasons for judgment constitutes the judgment of the court and the parties in this matter are only bound by the terms of the trial court's judgment.
Mr. Boykins' fifth and sixth arguments allege error in the trial court's finding that Mr. Boykins misappropriated funds from Jazz City Parking, the parking lot business owned by the parties. The trial court's finding that Mr. Boykins misappropriated funds from this business is supported by the testimony and evidence provided by Ms. Boykins. Mr. Boykins did not provide any testimony or documentary evidence at trial to refute Ms. Boykins' evidence on the issue of misappropriation of funds.[1] As stated above, the trial court found Ms. Boykins to be a credible witness, and we find the court's credibility determination to be reasonable.
In Mr. Boykins' seventh assignment of error, he argues that the trial court erred in not labeling the GrayStar loan as a community debt. The trial court allocated to Mr. Boykins the GrayStar mortgage encumbering the Convention Center lot in the amount of $81,000.00 plus all interest and penalties, and ordered Mr. Boykins to extinguish said mortgage. The court noted in reasons for judgment that Mr. Boykins' encumbrance of this property was in violation of the court's October 4, 2002 order, and for that reason, this entire debt was allocated to Mr. Boykins. In his brief, Mr. Boykins acknowledges that he was prohibited from encumbering this *76 property, but claims nonetheless that this debt should be designated as a community debt because the loan was obtained for the benefit of the community.
The trial court did not err in allocating the GrayStar loan obligation solely to Mr. Boykins. We find no merit whatsoever in Mr. Boykins' contention that the parties should share this debt obligation, which Mr. Boykins admittedly obtained in direct violation of a court order.
Mr. Boykins' eighth assignment of error deals with the trial court's decision to adjudicate as community property three lines of credit obtained from banks for the purpose of purchasing land for Jazz City Parking. Mr. Boykins argues that these lines of credit should have been classified as the separate property of Ms. Boykins because he allegedly signed waivers stating that he had no rights to the funds she was borrowing to loan to the parking lot business.
The record shows that Ms. Boykins' offered testimony and documentary evidence in support of her contention that these lines of credit were obtained to buy the property used for the parking lot business owned by both parties during the community regime. Mr. Boykins did not controvert this evidence. The trial court found that Ms. Boykins established that these lines of credit were community property, and we find no error in that conclusion.
In his ninth assignment of error, Mr. Boykins argues that the trial court erred in finding that the house located at 6920 Queensway Drive in New Orleans was Ms. Boykins' separate property. He argues that the court erred in not classifying this property as community property. Alternatively, Mr. Boykins argues that if the property is Ms. Boykins' separate property, then the trial court erred in not awarding Mr. Boykins reimbursement for his half of the mortgage payments made on the property during the existence of the community.
At trial, Ms. Boykins established that she purchased the property on Queensway Drive two days before her marriage to Mr. Boykins. However, Mr. Boykins argues that the parties had an "oral agreement" that the property would be community property. Ms. Boykins testified that she purchased the property for herself, and not for her and Mr. Boykins. Mr. Boykins did not offer any evidence to refute Ms. Boykins' assertion that this was her separate property. Therefore, the trial court correctly held that this property is Ms. Boykins' separate property.
The trial court also denied Mr. Boykins' claim for reimbursement for payments made by the community on Ms. Boykins' separate mortgage. In reasons for judgment, the trial court noted that neither Mr. Boykins nor Ms. Boykins presented any evidence to verify payments on the mortgage made during the existence of the community. Accordingly, the trial court did not err in denying Mr. Boykins' claim for reimbursement.
Mr. Boykins' tenth assignment of error is that the trial court erred in not granting him half of the profits of Jazz City Parking for the period of February 2003 through September 2003, and in granting Ms. Boykins an award for her management of this business from April 2003 through September 2003. As stated above, we find no error in the trial court's finding that Mr. Boykins misappropriated funds from Jazz City Parking. The court found that this misappropriation totaled $218,882.43. Additionally, Ms. Boykins testified regarding her management duties performed for this business, and Mr. Boykins did not offer any evidence to refute this testimony. Given the evidence concerning Mr. Boykins' misappropriation of *77 funds from the parking lot business, and evidence concerning Ms. Boykins' management of the business, we conclude that the trial court did not err in failing to award Mr. Boykins half of the profits from Jazz City Parking for the period of February 2003 through September 2003, nor did the court err in allowing Ms. Boykins reimbursement for fees earned for managing this business from April 2003 through September 2003.
In his eleventh assignment of error, Mr. Boykins argues that the trial court erred in classifying Jazz City Parking as community property rather than as his separate property. Specifically, he claims that the trial court erred in finding that a sole proprietorship owned before marriage and incorporated during marriage is community property. Although the court made no such specific finding in its judgment, the court did classify the business entity of Jazz City Parking as community property.
At the time of the trial of the partition of community property, the parking lot business owned by the parties was a corporation, i.e., Jazz City Parking of New Orleans, Inc. This corporate entity was created during the existence of the community, and is therefore community property. See La. C.C. article 2338. Mr. Boykins did not offer any evidence to rebut the presumption that this property belonged to the community. See La. C.C. article 2340. Accordingly, the trial court did not err in classifying Jazz City Parking as community property.
Finally, Mr. Boykins argues in his twelfth assignment of error that the trial court erred in the valuations of Jazz City Parking and Daily Klean. As stated above in the discussion of Mr. Boykins' first assignment of error, the trial court found that Ms. Boykins presented credible testimony in support of her sworn descriptive list, which included these two businesses. Mr. Boykins did not offer any evidence to rebut the valuations offered by Ms. Boykins. The trial court's credibility determination as to Ms. Boykin was reasonable, and the decision to accept her valuations of the two businesses was neither manifestly erroneous nor clearly wrong.
In addition to his twelve assignments of error, Mr. Boykins also listed several issues of law presented for review, most of which have been covered in his assignments of error. Mr. Boykins asserts that the court improperly awarded Ms. Boykins' attorney some of his personal assets. There is no such award in the trial court's judgment. Mr. Boykins' allegations regarding perjury and misrepresentation of information to the court are completely unsubstantiated. And finally, in response to Mr. Boykins' statement regarding whether a court should be lenient, indulgent or relax court rules for a pro se litigant, we note that it is clear from the record that the trial court gave Mr. Boykins a tremendous amount of leniency at trial with regard to his self-representation in this matter.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.
NOTES
[1] Mr. Boykins, who represented himself at trial and in this appeal, improperly attached numerous exhibits to his brief that were not introduced at trial. Those exhibits are not part of the record, and will not be considered by this Court. As a court of record, we must limit our review to that which is in the record before us. Ventura v. Rubio, XXXX-XXXX, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885.