956 So.2d 680 (2007)
Horace Perez ROWLEY, III and Wendy Rowley
v.
EYE SURGERY CENTER OF LOUISIANA, INC., Henry M. Haley, M.D. and Tig Specialty Insurance Company.
No. 2006-CA-1243.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 2007.
*681 H.P. Rowley III, Madisonville, LA, for Plaintiffs/Appellants.
Stephen M. Pizzo, Mary K. Peyton, Blue Williams, L.L.P., Metairie, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge DENNIS R. BAGNERIS SR., and Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Plaintiffs-Appellants Horace Perez Rowley, III and Wendy Rowley appeal the trial court's grant of Motion for Summary Judgment in favor of Defendants-Appellees, Eye Surgery Center of Louisiana, Inc., Henry M. Haley, M.D., and TIG Specialty Insurance Company. We affirm.
FACTS
On March 7, 2001, Appellant Horace Perez Rowley, III (hereafter "Mr. Rowley") underwent cataract surgery performed by ophthalmologist Henry M. Haley, M.D. (hereafter "Dr. Haley") at the Eye Surgery Center of Louisiana, Inc. Thereafter, on March 11, 2002, Appellants filed a complaint with the Louisiana Patient's Compensation Fund against Dr. Haley and the Eye Surgery Center of Louisiana, alleging that, inter alia, Dr. Haley committed malpractice while removing a cataract from Mr. Rowley's left eye. A medical review panel was held on May 11, 2004. The panel unanimously concluded that the evidence did not support the allegation that Dr. Haley or the Eye Surgery Center of Louisiana breached the standard of care, and stated as reasons for their findings the following:
The patient experienced a well-recognized complication of cataract surgery, i.e. subluxed lens;[1] which was dealt with appropriately at the time it occurred, and the correct referral was made.
Nevertheless, Appellants filed this lawsuit in August 2004, alleging that "several surgical mishaps" occurred during the surgery, including allegations that Dr. Haley's pre-operative evaluation failed to assess retinal status in either eye; that Dr. Haley *682 dropped the other lens into the eye, that Dr. Haley failed to give the patient appropriate instructions; that Dr. Haley negligently caused ciliary body detachment; and that Dr. Haley caused injury by failing to implant an intraocular lens. Appellants also claimed that Dr. Haley's operative reports did not coincide with the findings at Tulane University Hospital and Clinic.[2] Appellants filed suit against Dr. Haley, the Eye Surgery Center of Louisiana, Inc., and TIG Specialty Insurance Company (hereafter "TIG"), alleging that TIG was liable jointly, severally, and in solido with Dr. Haley and the Eye Surgery Center of Louisiana, Inc.
Discovery was subsequently propounded by Appellees to Appellants in October 2004, most significantly the request for the name of Appellants' expert who would testify as to the alleged breach of the standard of care by Dr. Haley or the Eye Surgery Center of Louisiana. When answering the discovery, Appellants objected to the request and ultimately did not name an expert. Appellees then filed a Motion for Summary Judgment in April 2005, arguing that over the course of three years, Appellants had yet to name an expert, and moreover, that Appellants had not submitted any evidence to support the claims that Dr. Haley or the Eye Surgery Center of Louisiana, Inc. breached the standard of care, and that accordingly, Appellants would not be capable of meeting their burden of proof at trial.
PROCEDURAL HISTORY
On February 10, 2006, the trial court denied Appellants' Motion to Continue Hearing on Defendants' Motion for Summary Judgment. The court noted on the order denying the motion that "[t]his motion was faxed to the court and was not filed into the record. Mr. Rowley did not appear on Feb[ruary] 10, 2006 to argue or explain his need for a continuance or to oppose the Motion for Summary Judgment[.]"[3] That same day, the trial court heard the Motion for Summary Judgment filed on behalf of Dr. Haley and the Eye Surgery Center of Louisiana, Inc., and granted the motion on April 20, 2006. This appeal followed.[4]
STANDARD OF REVIEW
To determine whether the trial court erred in granting Appellee's Motion for Summary Judgment, we review the trial court's decision de novo under the same criteria that govern a trial court's consideration of whether a summary judgment is appropriate. Herman v. St. Paul Ins. Co., XXXX-XXXX, p. 3-4 (La.App. 4 Cir. 12/13/06), 947 So.2d 785; Blankenship v. Ochsner Clinic Foundation, XXXX-XXXX (La.App. 4 Cir. 8/16/06); p. 3, 940 So.2d 12, 14. A summary judgment should be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact and that the mover is entitled to judgment as a matter of law. Id.; La. C.C.P. art. 966(B).
DISCUSSION

Assignment of Error # 1
Appellants assert that the trial court erred in granting Appellees' Motion *683 for Summary Judgment without serving notice of the hearing on Appellants' attorney, Harry T. Widmann, because the court denied his motion to withdraw as Appellants' attorney. Because Appellants failed to raise this issue at the trial court level, we decline to consider this argument at the appellate level. Johnson v. Orleans Parish School Board, 05-1038, p. 6 (La.App. 4 Cir. 5/3/06), 932 So.2d 687, 690-91; Johnson v. State, 02-2382, p. 3 (La.5/20/03) 851 So.2d 918, 921.[5]

Assignment of Error # 2
Next, Appellants argue that the trial court abused its discretion by denying Appellants' motion to continue the hearing on Appellees' Motion for Summary Judgment. We disagree.[6]
A trial court is vested with wide discretion regarding its docket, case management, and in determining whether motions for continuances should be granted. Crawford v. City of New Orleans, 01-0802, p. 4 (La.App. 4 Cir. 1/23/02), 807 So.2d 1054, 1056; La. C.C.P. art. 1601. In this case, we find that the trial court had sufficient grounds to deny Appellants' Motion to Continue: Appellants failed to fax the motion to the clerk of court; Appellants did not forward the original motion to the clerk of court within five days of the date that Appellants faxed the motion to the Judge's chambers; the hearing on Appellees' Motion for Summary Judgment had been previously reset for hearing on several occasions; the Appellees' Motion for Summary Judgment was originally filed more than one year preceding the Appellants' Motion to Continue; and, finally, Appellants' Motion to Continue was faxed to the Judge's chambers almost two years after the Medical Review Panel rendered its opinion in May 2004. Likewise, we are also not persuaded by Appellants' argument that it was mandatory for the trial court to grant the Motion to Continue pursuant to La. C.C.P. art. 1602.[7]

Assignment of Error # 3
Finally, Appellants argue that the trial court erred by granting Appellees' Motion for Summary Judgment because genuine issues of material fact exist.
This Court has held that a medical review panel's finding that the standard of care was not breached suffices to establish a prima facie case that a defendant is not liable and subsequently shifts the burden of proof to the plaintiff. Blankenship, XXXX-XXXX; p. 5, 940 So.2d at 15. In this case, the medical review panel unanimously found that neither Dr. Haley *684 nor the Eye Surgery Center of Louisiana, Inc. breached the standard of care. Additionally, Appellees attached to their Motion for Summary Judgment affidavits from two expert ophthalmologists who testified that the standard of care had not been breached in this case. Conversely, Appellants have failed to name an expert or otherwise sustain their evidentiary burden of proof sufficient to overcome a motion for summary judgment. Because the particular facts and circumstances of this case are not such that a layperson could infer any alleged negligence, expert testimony is necessary. See, e.g., Pfiffner v. Correa, 94-0924, 94-0963, and 94-0992 (La.10/17/94), 643 So.2d 1228, 1230; Blankenship, XXXX-XXXX, p. 6, 940 So.2d at 16. Accordingly, we find that the trial court did not err in granting the Motion for Summary Judgment. This assignment of error is without merit.[8]
DECREE
For the foregoing reasons, we affirm the trial court's grant of the Motion for Summary Judgment.
AFFIRMED
NOTES
[1] "Subluxed" essentially means that something has been moved out of its normal position.
[2] Mr. Rowley apparently sought treatment at Tulane University Hospital and Clinic subsequent to his surgery; however, none of the medical records or operative reports from Dr. Haley, the Eye Surgery Center of Louisiana, Inc., or Tulane Hospital are part of the appellate record.
[3] This notation was handwritten and initialed by Judge Landrieu on February 10, 2006.
[4] Appellants also filed a Motion for New Trial on April 28, 2006, which was heard on June 2, 2006 and then denied by the trial court on July 27, 2006.
[5] We note that Appellants stated in their Motion to Continue Hearing on Defendant's Motion for Summary Judgment: "Plaintiff's [sic] attorney has withdrawn and Plaintiffs are appearing pro se." Additionally, Appellant also stated in the motion that "[t]his is Plaintiffs' first pro se motion for a continuance" and signed the motion as Horace P. Rowley, III, "pro se" (Mr. Rowley is an attorney who is licensed to practice in Louisiana). Finally, we note that there is no objection in the record by Appellants to the personal service of Appellees' Motion for Summary Judgment.
[6] We also do not agree with Appellants' argument that because the trial court granted Appellees' motion to continue due to a scheduling conflict that was properly filed on December 22, 2005, but denied Appellants' improperly filed motion to continue same, that Appellants suffered disparate treatment.
[7] Article 1602 provides:

A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
La. C.C.P. art. 1602.
[8] We decline to address Appellants' allegations regarding failure to warn, indemnification, overcharging, and an "assembly-line" cataract surgery business because Appellants did not submit these issues to the trial court in their Petition for Damages or in the Motion to Continue Hearing on Defendants' Motion for Summary Judgment. Although these allegations are recited in the Appellants' Motion for New Trial, Appellants do not assign as error that the Motion for New Trial was improperly denied by the trial court. As previously stated, it is well-settled that courts of appeal may not consider issues which were not raised in the pleadings or addressed by the trial court. See, e.g., Segura v. Frank, 630 So.2d 714, 725 (La.1994); Razor v. New Orleans Dept. of Police, XXXX-XXXX, p. 5 (La.App. 4 Cir. 2/15/06), 926 So.2d 1, 5. See also Bergeron v. Blake Drilling & Workover Co., Inc., 599 So.2d 827, 848-49 (La.App. 1 Cir.1992)(holding that an issue regarding constitutionality of a statute raised for the first time in a motion for a new trial was not timely raised and therefore not properly before the court on appeal). Finally, it is noteworthy that Appellants did not support these late allegations with affidavits or other evidence.