DANIEL L. DYSART, Judge.
11 Appellants, Debbie and David Gorbach, appeal a summary judgment granted in favor of Tulane University Hospital and *431 Clinic (“Tulane Hospital”). For the reasons that follow, we affirm.
At the outset, we note that 16 pages of appellants’ 24-page brief are devoted to a recitation of alleged facts upon which appellants base their claims of medical malpractice against Tulane Hospital. The record contains no evidence, by way of deposition testimony, affidavits, or otherwise, which support these alleged facts. The issues on appeal, however, do not deal with the historical background of appellant, David Gorbach’s, treatment as a patient of Tulane Hospital and we, therefore, need not address any of those particular facts. For purposes of this appeal, we note the following procedural history which is apparent from the limited record before us.
FACTS AND PROCEDURAL HISTORY
In May and June, 2002, appellant, David Gorbach, was treated at Tulane Hospital for bladder cancer and other medical conditions. On April 2, 2003, Mr. Gorbach filed a Request for Medical Review Panel asserting various medical malpractice claims against Dr. Rodney Davis and Tulane Hospital. Appellants |2then filed a Petition for Damages on March 13, 2007 in the district court on the basis that the medical review panel “may have expired.”
The medical review panel convened on August 6, 2009 and issued its unanimous opinion that neither Tulane Hospital nor Dr. Rodney Davis “failed to comply with the applicable standard of care.” Appellants filed a second Petition for Damages in the district court on October 22, 2009.[1]
On August 13, 2010 (more than eight years after the alleged medical malpractice), Tulane Hospital filed a Motion for Summary Judgment (“Motion”).[2] Among the exhibits attached to the Motion were: the medical review panel’s decision, an affidavit from one of the physicians who served on the panel, Dr. Neil Baum,[3] interrogatories propounded to appellants on December 3, 2009, and appellants’ responses to the interrogatories sent on June 28, 2010. To the interrogatories seeking the identity of experts, including “any expert who will testify that Tulane University Hospital and Clinic breached an applicable standard of care,” appellants responded that they had “not yet determined who will be present as a testifying expert” and that they would amend this response “in the near future to identify same.”
Appellants opposed Tulane Hospital’s Motion by attaching the affidavit of their counsel, indicating that “additional time to produce expert reports and respond to the Motion” was needed and that discovery was incomplete. A hearing on the Motion was held on October 15, 2010. By judgment dated November 2, 2010, the trial court denied the Motion and instructed appellants to retain an expert | ¡¿within 30 days of the hearing date, in default of which, Tulane Hospital could seek a dismissal. Tulane Hospital applied for a supervisory writ with respect to this judgment, which was denied by this Court. Gorbach v. Tulane Hospital and Clinic, 2010-1592 (La.App. 4th Cir.12/15/10), un-pub.
*432 On December 16, 2010, Tulane Hospital filed a Motion to Re-Urge its prior Motion for Summary Judgment, unaware that appellants had retained an expert, Dr. Louis Silverman, on November 15, 2010. Indeed, appellants admit that their first notice to Tulane Hospital of Dr. Silverman’s retention was by letter dated January 13, 2011 (sent almost a month after Tulane filed its Motion to Re-Urge and almost two months after the trial court’s deadline for retaining an expert).
In response to Tulane Hospital’s Motion to Re-Urge, appellants attached another affidavit of their counsel, simply attesting to the fact that they had retained an expert as directed by the trial court and stating that Dr. Silverman had not yet completed his review of the materials or rendered an opinion. Appellants attached no other documentation, affidavits, depositions or other evidence in opposition to Tulane Hospital’s Motion or countering the affidavit of Dr. Baum.
A second hearing on Tulane Hospital’s Motion was held on February 11, 2011 and by judgment dated February 23, 2011, the trial court granted the Motion, dismissing appellants’ claims against Tulane Hospital. Appellants filed a Motion for New Trial which was denied without hearing on March 23, 2011. The trial court, in its Judgment and Reasons for Judgment, found no grounds for a new trial under La. C.C.P. art. 1972.
Appellants timely filed the instant appeal.
^DISCUSSION
In their sole assignment of error, appellants submit that the affidavit of their counsel, “verified that the liability expert had been timely retained.” Appellants argue that this affidavit “presents a genuine issue of material fact,” for which summary judgment was inappropriate. The record does not contain any reasons for judgment issued by the trial court when it granted Tulane Hospital’s Motion; the only written reasons for judgment were those issued with the denial of appellants’ Motion for New Trial.
Appellants suggest that the trial court’s grant of summary judgment was due to their failure to timely retain an expert. We note that appellants complied with the literal directive of the court’s judgment by retaining an expert on November 15, 2010 (the very deadline for same). However, appellants waited almost two months to notify Tulane Hospital that they had retained an expert.[4] While appellants technically met the trial court’s deadline, we find that appellants did not comply with the “spirit” of the court’s judgment.
To the extent that the trial court’s judgment was in some measure based on appellants’ failure to comply with its order that appellants retain an expert no later than November 15, 2010, we are not prepared to disturb the ruling in this appeal. To that end, we recognize the well-settled rule that a trial court is vested with inherent power to maintain control of its docket and in case management. Boykins v. Boykins, 2004-0999, p. 5 (La.App. 4 Cir. 4/24/07), 958 So.2d 70, 74, writ denied, 2007-1302 (La.9/28/07), 964 So.2d 369. We further recognize that a trial court’s decision in such matters is to be set aside by an appellate court only when |r,there has been an abuse of the trial court’s discretion. Beteta v. City of New Orleans, 2006-0972, p. 5 (La.App. 4 Cir. 1/10/07), 950 So.2d 862, 865.
*433 Appellants’ reliance on having timely retained an expert as an issue on appeal is misplaced. While Tulane Hospital’s Motion to Re-Urge was based, in part, on appellants’ failure to timely retain an expert,[5] the trial court’s judgment reflects that Tulane was dismissed on summary judgment; there is no mention of appellants’ retention of an expert, or lack thereof, in the judgment. We review the grant of summary judgment de novo, using the same criteria applied by the trial court to determine if summary judgment is appropriate in this matter. Miller v. Tulane University Hosp., 2009-1740, p. 5 (La.App. 4 Cir. 5/12/10), 38 So.3d 1142, 1145, citing Dean v. State Farm Mut. Auto. Ins. Co., 2007-0645, p. 4 (La.App. 4 Cir. 1/16/08), 975 So.2d 126, 130.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966(B). Article 966 further provides that “the summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action .... The procedure is favored and shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). Under La.C.C.P. art. 966(C)(2), “if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but | (¡rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.”
The Supreme Court reiterated the parties’ respective burdens of proof in Samaha v. Rau, 2007-1726, p. 5 (La.2/26/08), 977 So.2d 880, 883, as follows:
[La.C.C.P.art. 966(C)(2) ] first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
In the context of a medical malpractice case against a hospital, the plaintiff has the burden of showing that the hospital personnel negligently departed from the recognized standard of care afforded by hospitals in the area for the particular malady involved. Miller, supra, p. 6, 38 So.3d at 1145. Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a layperson can infer negligence without the guid- *434 anee of expert testimony. Samaha v. Rau, 2007-1726, pp. 5-6 (La.2/26/08), 977 So.2d 880, 884.
This Court has also recognized that the “requirement of producing expert medical testimony is especially apt when the defendants have filed summary | judgment motions and supported such motions with expert opinion evidence that their treatment met the applicable standard of care.” Williams v. Memorial Medical Center, 2003-1806, pp. 16-17 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1054, writ denied, 2004-0963 (La.6/4/04), 876 So.2d 93.
In this matter, Tulane Hospital filed the Motion, and therefore, bore the initial burden of proof. As noted, in supporting its Motion, Tulane Hospital attached the opinion of the medical review panel and the affidavit of Dr. Baum which stated his opinion that “the evidence failed to support the conclusion that the defendant, Tulane University Hospital and Clinic, failed to meet the applicable standard of care as charged in the Complaint.” This Court has held that a medical review panel report, alone, can be sufficient to present a prima facie case that a defendant is not liable. Rowley v. Eye Surgery Center of Louisiana, Inc., 2006-1243, p. 5 (La.App. 4 Cir. 4/4/07), 956 So.2d 680, 683, writ denied, 2007-0965 (La.6/22/07), 959 So.2d 509, citing Blankenship v. Ochsner Clinic Foundation, 2006-0242, p. 4 (La.App. 4 Cir. 8/16/06), 940 So.2d 12, 14. In Samaha, supra, the Supreme Court, without expressly following the Rowley and Blankenship holdings that a medical review panel report can support a prima facie case in favor of a defendant, concluded that “the report of the expert opinion reached by the medical review panel is admissible as evidence in any action ... including] a summary judgment proceeding a medical malpractice lawsuit.” Id., p. 18, 977 So.2d at 891.
Thus, the medical review panel decision, coupled with Dr. Baum’s affidavit in this case, suffices to support Tulane Hospital’s Motion. The burden of proof then shifted to appellants.
Appellants’ opposition failed to attach any countervailing affidavits or other evidence to dispute the facts established by Tulane Hospital’s Motion. Rather, 18appellants simply rely on their having retained an expert as evidence that a genuine issue of material fact exists. Appellants essentially maintain that, because no deadlines had been set for discovery completion or expert disclosures, Tulane Hospital’s motion was premature, particularly in light of their retention of an expert. We are not persuaded by appellants’ position.
The Supreme Court’s decision in MB Industries, LLC v. CNA Ins. Co., 2011-0303, 2011-0304, pp. 15-16 (La.10/25/11), 74 So.3d 1173, 1184, provides guidance on this issue:
There is no requirement for the defendant to wait until all discovery deadlines have passed before filing a motion for summary judgment, and a defendant’s motion for summary judgment “may be made at any time.” La.Code of Civ. Proc. art. 966(A)(1). Once the defendant’s motion is filed, the plaintiff must present sufficient factual support to prove every essential element of his claim. La.Code of Civ. Proc. art. 966(C)(2). He cannot simply tell the court that the evidence will be forthcoming at some unknown later date.
The record, as a whole, does not support appellants’ apparent contention that additional time was needed to complete discovery, to “produce expert reports and respond to the Motion,” as suggested in their opposition. We note that appellants’ claims arose out of alleged malpractice *435 which occurred in 2002. Appellants requested a medical review panel in 2003, filed their initial suit in 2007, and filed a second action in 2009, after the medical review panel convened and rendered its decision. Tulane Hospital’s initial Motion for Summary Judgment was filed in August, 2010 and re-urged in December, 2010, some eight years after the alleged malpractice. Even as late as the February, 2011, hearing date on Tulane Hospital’s Motion, appellants had not submitted an affidavit of their expert, Dr. Silverman, or any other evidence to refute Tulane Hospital’s substantiated motion.
|9We also note that appellants apparently never moved the trial court to continue the hearing on the Motion so as to secure documentation with which to oppose the Motion.[6] The MB Industries, LLC, supra, court recognized that, “[i]f a motion for summary judgment is filed early in the proceedings, before a party has had reasonable time to retain an expert, the trial court may continue the hearing on the motion in order to give the party an adequate opportunity to find an expert and obtain his testimony.” Id., p. 16, 74 So.3d at 1184, fn. 16.
As we found in Williams, supra, appellants were given a fair opportunity to present their claim prior to the trial court’s ruling on Tulane Hospital’s Motion. Having submitted nothing in opposition to the Motion, we find that appellants have failed to produce factual support sufficient to establish that they will be able to satisfy their burden of proof at trial. See: Miller, supra, p. 10, 38 So.3d at 1148. We further find that appellants did not meet their burden of proof under the summary judgment procedure once that shifted to them. Accordingly, based on our de novo review of the record, we find no error in the trial court’s grant of the Motion for Summary Judgment.
AFFIRMED

. The second Petition for Damages was allotted a new case number and was assigned to a new division of the district court. The record does not reflect what became of the first lawsuit appellants filed.

. The Motion was brought by Tulane Hospital, alone, and the record does not show that Dr. Rodney Davis joined in the Motion or filed his own Motion for Summary Judgment.

.Dr. Baum’s affidavit reiterated his expert opinion that the evidence did not support a finding that Tulane Hospital failed to comply with the applicable standard of care.

. In fact, almost a month elapsed between the time that Tulane Hospital filed its Motion to Re-Urge and appellants’ notification of their retention of an expert.

. Indeed, at the time that Tulane Hospital filed its Motion to Re-Urge Defendant’s Motion for Summary Judgment, appellants had not sent notice that they had retained an expert.

. In this regard, we note that appellants’ Opposition to the Motion was filed a mere two days before the hearing (almost 2 months after Tulane Hospital filed its Motion to Re-Urge).