ALEXANDER BURTON

VERSUS

ASPEN AMERICAN INSURANCE COMPANY
AND DR. PATRICIA SUMMERS

NO. 23-CA-380

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 824-379, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

March 27, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Scott U. Schlegel

**AFFIRMED**
    **SJW**
    **FHW**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ALEXANDER BURTON
    DaShawn P. Hayes

COUNSEL FOR DEFENDANT/APPELLEE,
PATRICIA G. SUMMERS, DDS AND ASPEN AMERICAN INSURANCE
COMPANY
    Bradley R. Belsome
    Lance V. Licciardi, Jr.

**WINDHORST, J.**

Plaintiff/appellant, Alexander Burton, appeals the trial court's May 30, 2023 judgment, granting the motion for summary judgment filed by defendants/appellees, Dr. Patricia Summers and Aspen American Insurance Company ("Aspen Insurance"), and dismissing plaintiff's claim against them with prejudice. For the following reasons, we affirm the trial court's judgment.

**BACKGROUND**

Mr. Burton filed a petition for damages against Dr. Summers and Aspen Insurance on January 13, 2022, claiming that he suffered injuries while Dr. Summers was performing a dental surgical procedure on him. Mr. Burton alleged that while Dr. Summers was administering a local anesthesia to his surgical area on December 9, 2019, she negligently punctured his tongue with the needle and negligently injected him with the local anesthesia. As a result of this, Mr. Burton claimed that his tongue began to swell to the extent that he could not swallow or breathe. Mr. Burton was allegedly rushed to the emergency room and placed in the intensive care unit with debilitating injuries for four days.

Defendants filed a motion for summary judgment on March 13, 2023, asserting that plaintiff had not produced any expert opinion supporting his position that Dr. Summers breached the applicable standard of care and, as a result, plaintiff's claim should be dismissed with prejudice.[1]

In their memorandum in support of their motion for summary judgment, defendants stated that they propounded interrogatories and requests for production of documents on plaintiff on February 25, 2022, specifically requesting (1) the identity of any person whom plaintiff intends to call as an expert; (2) any witness

---

[1] Defendants attached to their motion for summary judgment the following exhibits: (1) plaintiff's petition for damages; (2) plaintiff's responses to interrogatories and requests for production of documents; and (3) a copy of Dr. Summers' clinical notes on plaintiff and the hospital discharge documents plaintiff brought to her office.

who would testify that Dr. Summers failed to comply with the standard of care in her treatment of plaintiff; and (3) any witness who would testify that any act or omission on the part of Dr. Summers proximately caused plaintiff to suffer injuries he would not have otherwise incurred. Defendants also requested copies of any expert reports and reviews in plaintiff's possession. On April 26, 2022, plaintiff submitted discovery responses, answering each of the requests asking him to identify any expert witness or expert report with "None."

In their motion, defendants argue that expert testimony is required in this case under La. R.S. 9:2794 to prove (1) the standard of care applicable to Dr. Summers, (2) whether Dr. Summers breached that standard of care, and (3) whether any act or omission on Dr. Summers' part proximately caused plaintiff to suffer injuries that would not otherwise have been incurred. Defendants submit that plaintiff has failed to produce an expert opinion setting forth the applicable standard of care, that Dr. Summers breached that standard of care, and that any alleged breach of the standard of care proximately caused plaintiff's damages. Defendants assert that plaintiff has had over three years since the alleged malpractice on December 9, 2019 and over one year since the filing of this action on January 13, 2022 to identify an expert who will testify against defendants, but has failed to do so.

In support of their motion, defendants relied on plaintiff's April 26, 2022 responses to interrogatories and requests for production, in which plaintiff indicated he did not have an expert to present evidence that Dr. Summers failed to comply with the standard of care. Defendants also relied on excerpts from Dr. Summers' medical chart, which stated that teeth #23, 24, and 27 were extracted without any complications.

In his May 3, 2023 opposition to defendants' motion for summary judgment, plaintiff acknowledged that expert testimony was necessary for the advancement of medical malpractice claims and informed the court that he had retained a medical

expert, Dr. Kalu U.E. Ogbureke. According to plaintiff, Dr. Ogbureke opined that Dr. Summers deviated from the standard of care to a reasonable degree of medical certainty by not obtaining informed consent as to the possibility of ACEI-induced angioedema in a patient taking Lisinopril. Dr. Ogbureke indicated that ACEI-induced angioedema is a well-documented complication of dental extractions.[2]

Plaintiff attached supplemental responses to interrogatories and requests for production dated May 1, 2023. In the supplemental responses, plaintiff identified Dr. Ogbureke as an expert in the field of oral and maxillofacial pathology and produced a copy of her report. In his opposition, plaintiff further alleged that Dr. Summers' alleged malpractice was so obviously negligent that expert testimony was not required to support the same, but, out of an abundance of caution, plaintiff had retained the services of an expert to highlight the same.

In a May 11, 2023 reply memorandum in further support of defendants' motion, defendants objected to plaintiff's exhibits because they did not constitute competent summary judgment evidence. Defendants asserted that Dr. Ogbureke's report should be stricken because it was not an affidavit, a sworn or certified document, or a deposition, as required for a motion for summary judgment under La. C.C.P. art. 966 A(4). Defendants also asserted that plaintiff's supplemental discovery responses were not competent summary judgment evidence, and that, even if they were, the responses failed to satisfy plaintiff's burden to oppose defendant's summary judgment motion.

After a hearing on May 18, 2023, the trial court granted defendants' motion to strike Dr. Ogbureke's purported expert report and the motion for summary judgment. As a result, by judgment of May 30, 2023, the trial court granted the motions and dismissed plaintiff's action against Dr. Summers and Aspen Insurance with prejudice.

---

[2] Upon review, Dr. Ogbureke found that the record did not include a copy of the Informed Consent to determine whether or not plaintiff was informed of the possibility of angioedema, a potentially life-threatening medical emergency associated with Lisinopril therapy in some elderly African Americans.

**LAW and ANALYSIS**

On appeal, plaintiff asserts the trial court erred in striking Dr. Ogbureke's expert report attached to his opposition to defendants' motion for summary judgment and in granting defendants' motion for summary judgment.

**Defendants' Motion to Strike Plaintiff's Expert Report**

An appellate court reviews the grant or denial of a motion to strike pursuant to La. C.C.P. art. 964 under the abuse of discretion standard. Detillier v. Borne, 15-129 (La. App. 5 Cir. 9/23/15), 176 So.3d 669, 671, citing Pitre v. Opelousas Gen. Hosp., 530 So.2d 1151 (La. 1988). The granting of a motion to strike rests in the sound discretion of the trial court. Id. There is no indication that the trial court abused its discretion in denying the motion to strike in this case.

La. C.C.P. art. 966 A(4) provides the exclusive list of documents which may be considered by the trial or reviewing courts:

> A. (4) The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

The introduction of documents which are not included in this exclusive list is not permitted unless they are properly authenticated by an affidavit or the deposition to which they are attached. Reed v. Landry, 21-589 (La. App. 5 Cir. 6/3/22), 343 So.3d 874, 881; Dye v. LLOG Exploration Company, LLC, 20-441 (La. App. 5 Cir. 11/3/21), 330 So.3d 1222, 1224.

This court has consistently held that exhibits, filed as unsworn and unauthenticated attachments to an opposition to a motion for summary judgment, are not permissible supporting documents in opposition to the motion for summary judgment. Dye, 330 So.3d at 1225. A document that is not an affidavit or sworn to

in any way, or is not certified or authenticated by an affidavit or deposition, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. Nettle v. Nettle, 15-1875 (La. App. 1 Cir. 9/16/16), 212 So.3d 1180, 1183, writ denied, 16-1846 (La. 12/16/16), 212 So.3d 1170. The requirement that documents be verified or authenticated is not merely a mechanical one of form only. It is based on the fundamental fact that such documents are not self-proving. Person v. 2434 St. Charles Ave. Condo. Ass'n, 11-1097 (La. App. 4 Cir. 3/7/12), 88 So.3d 679, 682.

Dr. Ogbureke's expert report was not submitted as an affidavit; it is unsworn, and it was not certified or authenticated by an affidavit or deposition. Nor was it submitted as a sworn response to interrogatories. As a result, we agree with the trial court's conclusion that the expert report from Dr. Ogbureke does not qualify as competent summary judgment evidence, and cannot be considered. Thus, we find no abuse of discretion in the trial court's granting of defendants' motion to strike the purported expert report.

**Defendants' motion for summary judgment**

A motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 A(3); Bryde v. Lakeview Reg'l Med. Ctr., LLC, 19-166 (La. App. 5 Cir. 12/11/19), 284 So.3d 686, 691. The mover's burden on the motion for summary judgment, when he does not bear the burden of proof at trial, requires him "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966 D(1). The opposing party's burden is to "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id.

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of a lawsuit. Populis v. State Dep't of Transportation & Dev., 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, writ denied, 17-1106 (La. 10/16/17), 228 So.3d 753. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for a trial on that issue. Id.

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Rhodes v. AMKO Fence & Steel Co., LLC, 21-19 (La. App. 5 Cir. 10/28/21), 329 So.3d 1112, 1117; Lincoln v. Acadian Plumbing & Drain, LLC, 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 209, writ denied, 18-1074 (La. 10/15/18), 253 So.3d 1302.

In a medical malpractice action, such as the present case, a plaintiff must prove, by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. La. R.S. 9:2794; Byrde, 284 So.3d at 691. Because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain the burden of proving his claim under La. R.S. 9:2794 without medical expert testimony. Id.; Pfiffner v. Correa, M.D., 94-924, 94-963, 94-992 (La. 10/17/94), 643 So.2d 1228, 1234. Only in cases of obvious negligence, where the trier of fact does not need an expert to assess the standard of care, breach, and causation, is expert testimony unnecessary. Turner v. Bosley Med. Inst., Inc., 19-131 (La. App. 5 Cir. 10/16/19), 280 So.3d 326, 329-30; Hastings v. Baton Rouge General Hosp., 498 So.2d 713, 719 (La. 1986).

Plaintiff asserts the trial court erred in granting defendants' motion for summary judgment because (1) Dr. Summers' acts of medical negligence were

obvious and apparent; and (2) plaintiff retained a medical expert to provide an opinion regarding whether Dr. Summers' treatment fell below the applicable standard of care. Defendants argue that plaintiff's expert report does not constitute competent summary judgment evidence. Defendants therefore assert that plaintiff has not presented essential elements of his claim, because he lacks expert medical evidence to prove the standard of care, Dr. Summers breached the standard of care, and causation.

The jurisprudence recognizes an exception to the requirement of expert testimony where the claim arises out of an obviously careless act from which a lay person can infer negligence. Pfiffner, 643 So.2d at 1233-34; White v. LAMMICO, 21-1222 (La. App. 1 Cir. 4/8/22), 342 So.3d 63, 67-68. Examples of an "obviously careless act" not requiring expert testimony include "fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body." Pfiffner, 643 So.2d at 1234; Richardson v. Cotter, 51,637 (La. App. 2 Cir. 9/27/17), 245 So.3d 136, 143. Failure to attend a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary are also examples of obvious negligence which require no expert testimony to demonstrate the physician's fault. Pfiffner, 643 So.2d at 1234.

In the present case, plaintiff alleges that Dr. Summers negligently punctured his tongue while administering local anesthesia. We find that this alleged negligent act does not fall within the narrow scope of the obvious-negligence exception. Medical testimony may be necessary to determine whether this is a common occurrence, and as significantly, the potential effects of accidental injection of an uncertain amount of anesthesia to the tongue. Further, in his opposition to defendants' motion for summary judgment, plaintiff stated that he "does not dispute

Defendants' contention that expert testimony is necessary for the advancement of medical malpractice claims."

Because defendants filed the motion for summary judgment, defendants had the initial burden of proof. In this regard, defendants argued that medical expert testimony was necessary for plaintiff's claim to establish a breach of the standard of care, causation, and damages. To show that plaintiff could not establish these elements, defendants attached to their motion plaintiff's discovery responses confirming that plaintiff did not have an expert. In a malpractice claim, expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a layperson can infer negligence without the guidance of expert testimony. Gorbach v. Tulane Univ. Med. Ctr., 2011-1575 (La. App. 4 Cir. 4/11/12), 89 So.3d 429, 433-34, writ denied, 12-1063 (La. 6/22/12), 91 So.3d 978. Accordingly, upon our *de novo* review, we find that defendants satisfied their initial burden on summary judgment of establishing that plaintiff could not prove the applicable standard of care, a breach of the standard by Dr. Summers, or causation. Consequently, the burden shifted to plaintiff to produce evidence sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial.

Plaintiff opposed the motion, claiming that he had identified an expert, thereby creating a genuine issue of material fact. Plaintiff's opposition failed to attach any countervailing affidavits, deposition testimony, or other competent summary judgment evidence to dispute the facts established by defendants' motion. Instead, plaintiff simply relies on the fact that he has now retained an expert as enough to show a genuine issue of material fact exists.

As discussed above, plaintiff's purported expert report does not constitute competent summary judgment evidence. In addition, the dispositive issue is not whether plaintiff has retained an expert; instead, the issue is whether plaintiff has

produced expert medical testimony to support his claim. A plaintiff cannot create an issue of fact simply by naming an expert witness's name in a brief and alleging that a report and affidavit will be submitted at an unknown future date, without submitting an affidavit or other competent summary judgment evidence. Jordan v. Community Care Hosp., 19-39 (La. App. 4 Cir. 7/24/19), 276 So.3d 564, 582; Gorbach, 89 So.3d at 434; Robles v. ExxonMobile, 02-854 (La. App. 1 Cir. 3/28/03), 844 So.2d 339, 342. A plaintiff's identification of an "expert without an affidavit or deposition testimony in which the expert actually testifies under oath in a manner favorable to the plaintiff's position is insufficient opposition to a properly supported summary judgment motion." Jordan, 276 So.3d at 581. Mere conclusory allegations are insufficient to defeat a properly supported motion for summary judgment. Id.

We also point out that courts have refused to grant plaintiffs additional time to obtain an expert after a medical defendant has filed a motion for summary judgment based on the lack of expert testimony. In Perricone v. East Jefferson General Hosp., 98-343 (La. App. 5 Cir. 10/14/98), 721 So.2d 48, this court affirmed the trial court's grant of summary judgment to defendant physicians where the medical review panel unanimously found no breach in the standard of care and plaintiff had not produced expert medical testimony. Plaintiff argued that the trial court should have allowed her additional time to produce expert testimony, but the appellate court found that argument unpersuasive. Defendant responded that two and one-half years had elapsed between the accident and the motions for summary judgment, and one year had passed between issuance of the medical review panel opinion and the motions for summary judgment. Considering the amount of time that had passed, the court found that plaintiff had a fair opportunity to present her claim, and that the trial court did not err in refusing to grant additional time before granting the motions for summary judgment.

In this case, the alleged malpractice occurred on December 9, 2019, and

plaintiff filed suit on January 13, 2022. Plaintiff waited until defendants filed a motion for summary judgment to retain an expert, but failed to provide competent summary judgment evidence in opposition to defendants' motion. Plaintiff in this case has had even more time than plaintiff in Perricone to present an affidavit or deposition of a medical expert, but has not done so.

Consequently, upon our *de novo* review, plaintiff failed to produce any competent summary judgment evidence to show that he will be able to satisfy his burden of proof at trial. Thus, defendants are entitled to judgment as a matter of law. We therefore find no error in the trial court's granting of defendants' motion for summary judgment.

**DECREE**

For the foregoing reasons, we affirm the trial court's judgment granting defendants' motion for summary judgment and dismissing plaintiff's claim against defendants with prejudice.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

### NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-380

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
LANCE V. LICCIARDI, JR. (APPELLEE)

**MAILED**
DASHAWN P. HAYES (APPELLANT)           BRADLEY R. BELSOME (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW
1100 POYDRAS STREET                    1100 POYDRAS STREET
SUITE 1530                             SUITE 2700
NEW ORLEANS, LA 70163                  NEW ORLEANS, LA 70163