IN RE:  MEDICAL REVIEW     *       NO. 2024-CA-0624
PANEL FOR THE CLAIM OF
LINDA GEORGE              *       

                  COURT OF APPEAL

               *       

                  FOURTH CIRCUIT

               *       

                  STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-00162  C\W 2022-00723, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Pius A. Obioha
LAW OFFICES OF PIUS A. OBIOHA & ASSOCIATES, L.L.C.
1550 North Broad Street
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT


Bryan J. Knight
NILES, BOURQUE & KNIGHT, L.L.C.
201 St. Charles Avenue, Suite 3700
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE

                         **AFFIRMED**
                         **FEBRUARY 17, 2025**

*TGC*
*PAB*
*DNA*

Linda George (hereinafter "Ms. George") seeks review of the trial court's April 15, 2024 judgment granting the motion for summary judgment filed by Dr. Christopher DuCoin and Dr. Paul Friedlander (collectively referred to as "the doctors"). After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court.

## Facts and Procedural History

On November 6, 2018, Ms. George presented to Tulane University Hospital in New Orleans for gallbladder removal surgery and repair of a hiatal hernia. During surgery, her esophagus was perforated and required repair. While repairing her esophagus, Ms. George sustained a vocal cord injury. On November 2, 2019, Ms. George initiated a request for Medical Review Panel pursuant to Louisiana's Medical Malpractice Act. La. R.S. 40:1231.1, *et. seq.*[1] Ms. George asserted that Dr. DuCoin negligently perforated her esophagus and Dr. Friedlander failed to properly repair the esophagus, which resulted in a vocal cord injury. She maintained that the injury required hospitalization in the Intensive Care Unit for

---

[1] The medical malpractice petition for damages was consolidated with the medical malpractice petition for discovery.

eight (8) days and resulted in adverse health issues. On November 23, 2021, the Medical Review Panel issued a unanimous opinion finding that the evidence did not support a conclusion that the doctors "failed to meet the applicable standard of care."[2]

On January 28, 2022, Ms. George filed a lawsuit alleging the doctors committed medical malpractice.[3] Several months later, the doctors filed a motion for summary judgment arguing that Ms. George failed to identify a medical expert to support her contention that the doctors failed to meet the applicable standard of care. To the motion for summary judgment, the doctors attached: (1) the request for Medical Review Panel; (2) the opinion and reasons of the Medical Review Panel; (3) the medical malpractice petition for damages; and (4) multiple notices of records depositions. Ms. George opposed the motion, contending that her medical expert died before issuing a report and attached the medical expert's obituary to the opposition. As such, she requested additional time to secure a new expert. By judgment dated December 16, 2022, the trial court denied the motion for summary judgment. The trial court stated that due to the death of the medical expert, Ms. George would be given additional time to obtain a new medical expert.

On January 4, 2024, the doctors filed a second motion for summary judgment asserting the same argument as in the first motion for summary judgment. The doctors attached: (1) the request for Medical Review Panel; (2) the opinion and reasons of the Medical Review Panel; (3) the medical malpractice petition for damages; (4) the December 16, 2022 judgment; and (5) Ms. George's

---

[2] On January 7, 2020, during the pendency of the Medical Review Panel, Ms. George filed a medical malpractice petition for discovery.

[3] The petition named the doctors and University Health Care System d/b/a Tulane University Hospital and Clinic as defendants. On May 3, 2022, Ms. George voluntarily dismissed University Health Care System d/b/a Tulane University Hospital and Clinic from the lawsuit.

motion to continue the hearing on the first motion for summary judgment. The matter was set for hearing on March 22, 2024. Ms. George filed an "Opposition to Defendant's Motion for Summary Judgment and in the alternative Plaintiff's Motion to Continue" asserting that the trial court scheduled the hearing without confirming the availability of her attorney. [4] Ms. George further maintained that while she consulted with several medical experts, she required additional time to obtain an expert report. The doctors opposed the request for a continuance contending that good cause did not exist and suggested that another attorney could attend the hearing. As to the additional time, the doctors complained that Ms. George had not identified a medical expert, despite having sufficient time to obtain one. The matter proceeded on March 22, 2024; however, Ms. George's attorney did not appear at the hearing. By judgment dated April 15, 2024, the trial court granted the motion for summary judgment, dismissing the claims asserted in the petition for damages with prejudice. On April 23, 2024, Ms. George filed a motion for new trial requesting the trial court reconsider its ruling on the motion for summary judgment and denial of the request for a continuance. The trial court summarily denied the motion for new trial and issued written reasons. In its reasons for judgment, the trial court stated that Ms. George did not provide good cause for a continuance and "failed to disclose any experts or any expert reports that contradict the Medical Review Panel's ruling. Plaintiff has had ample time to retain the services of an expert and has failed to do so." On July 19, 2024, Ms.

---

[4] The trial court did not issue a judgment on the separately filed motion to continue because of multiple inadequacies with the orders submitted regarding the motion.

George filed a notice for appeal seeking review of the trial court's April 15, 2024 judgment.[5] This timely appeal followed.

## Assignments of Error

Ms. George presents two assignments of error, which collectively argue that the trial court erred in granting the motion for summary judgment and denying her request for a continuance.

## Motion for Summary Judgment

Ms. George maintains the trial court erred in granting summary judgment because a genuine issue of material fact remains regarding whether the doctors breached the applicable standard of care. She contends that the trial court inappropriately decided that she could not prevail on the merits because she failed to disclose a medical expert. This Court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Reddick v. State*, 2021-0197, p. 5 (La.App. 4 Cir. 9/29/21), 328 So.3d 504, 507. We have stated the applicable standard of review as follows:

> Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary

---

[5] The record contains two identical judgments granting the motion for summary judgment—one dated April 15, 2024 and one dated April 25, 2024. However, Ms. George's notice of appeal specifically seeks review of the April 15, 2024 judgment.

judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Id*., 2021-0197, p. 5, 328 So.3d at 507-08 (quoting *Chatelain v. Fluor Daniel Const. Co.,* 2014-1312, p. 3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793).

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action… . The procedure is favored and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). A motion for summary judgment may be granted if the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrate that there is no genuine issue of material fact and the mover is entitled to a judgment as a matter of law. *Reddick*, 2021-0197, p. 6, 328 So.3d at 508 (citation omitted).

"A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is appropriate." *Id*. (citation omitted). "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Id*. (citations omitted). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p. 7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citation omitted). La. C.C.P. art 966(D)(1) provides that:

> The burden of proof rests with the mover [on a motion for summary judgment]. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements

of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

Ms. George maintains that any consideration by the trial court of whether she will succeed at trial is an insufficient basis upon which to render judgment on a motion for summary judgment. Specifically, Ms. George contends the trial court's determination that the failure to obtain a medical expert prevents her from succeeding at trial is inappropriate. We find this argument unpersuasive. The doctors bore the initial burden of proof as they filed the motion for summary judgment. As previously stated, the doctors attached the opinion of the Medical Review Panel to its motion for summary judgment. The expert opinion reached by the Medical Review Panel is admissible evidence in a medical malpractice summary judgment proceeding. *Gorbach v. Tulane Univ. Med. Ctr.*, 2011-1575, p. 7 (La.App. 4 Cir. 4/11/12), 89 So.3d 429, 434 (citations omitted). The burden of proof then shifts to Ms. George. In order "[t]o prevail in a medical malpractice action based on negligence of a physician, a plaintiff must establish the standard of care applicable to the physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and the plaintiff's injuries resulting therefrom." *Albers v. Vina Family Med. Clinic*, 2012-1484, p. 3 (La.App. 4 Cir. 5/22/13), 116 So.3d 940, 942 (citations omitted); *see also* La. R.S. 9:2794. The general rule is that "expert testimony is needed to

6

establish the elements of [i] the applicable standard of care, [ii] whether the standard of care was breached by the defendant's conduct, and [iii] whether that breach resulted in any injuries to the plaintiffs." *Jordan v. Cmty. Care Hosp.*, 2019-0039, p. 13 (La.App. 4 Cir. 7/24/19), 276 So.3d 564, 576 (citation omitted). A recognized exception to the general rule is obvious negligence, which involves limited instances in which a lay person could perceive negligence based on the medical and factual issues presented. *Albers*, 2012-1484, p. 4, 116 So.3d at 942 (citations omitted). "[U]nless the case involves some obvious act from which a lay person can infer negligence, such as amputating the wrong limb or leaving a sponge in a patient's body, the absence of expert testimony as to any of the essential elements of plaintiff's malpractice claim will preclude the imposition of liability." *Jordan*, 2019-0039, p. 16, 276 So.3d at 578 (quoting *Gonzales v. Ochsner Clinic Found.*, 2014-0873, p. 6 (La.App. 5 Cir. 5/14/15), 170 So.3d 1099, 1103) (citation omitted). Thus, in medical malpractice cases, "an expert witness is generally necessary as a matter of law to prove a medical malpractice claim." *Williams v. Mem'l Med. Ctr.*, 2003-1806, p. 16 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1054 (citation omitted).

In the case *sub judice*, the alleged malpractice relates to a perforated esophagus and subsequent repair of the esophagus. The Medical Review Panel determined that Dr. DuCoin immediately recognized the "known complication of endoscopic surgery, i.e., perforation of the esophagus" and immediately sought a consult with Dr. Friedlander. It further found that Dr. Friedlander performed the appropriate surgical procedure and Ms. George "unfortunately sustained a known complication of this surgery, i.e., a vocal cord injury." The intricacies and complications of procedures regarding the esophagus are not within the average lay

person's knowledge. Thus, the obvious-negligence exception is inapplicable and a medical expert witness is required to rebut the findings of the Medical Review Panel. "The summary judgment procedure is designed to pierce the pleadings and to assess the evidence to determine if any genuine issue of material fact exists warranting a trial." *Johnson v. Evanston Ins. Co.*, 2022-0804, p. 7 (La.App. 4 Cir. 6/14/23), 368 So.3d 703, 710 (citation omitted). "[J]urisprudence has routinely upheld the granting of a 'no-expert' motion for summary judgment." *Jordan*, 2019-0039, p. 13, 276 So.3d at 577. Without a medical expert, Ms. George cannot provide sufficient evidence of an essential element of her malpractice claim. At the time the motion for summary judgment at issue was heard, more than a year had elapsed since Ms. George was allowed additional time to obtain a medical expert. She has not identified the name of any medical expert and only states that she has consulted with "several qualified medical experts" and is awaiting reports. This is insufficient to defeat summary judgment. "[W]ithout an affidavit or deposition testimony in which the expert actually testifies under oath in a manner favorable to the plaintiff's position [there] is insufficient opposition to a properly supported summary judgment motion." *Pierre-Ancar v. Browne-McHardy Clinic*, 2000-2409, 2000-2410, p. 7 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, 349 (citation omitted). Accordingly, Ms. George has failed to demonstrate a genuine issue of material fact as to an essential element of her malpractice claim and we find the trial court did not err in granting the motion for summary judgment.

### Motion to Continue

Ms. George maintains the trial court erred in denying her request to continue the summary judgment hearing because she provided good cause for a continuance. A trial court "has wide discretion in determining whether a motion for

continuance should be granted; thus, the standard of review in such cases is abuse of discretion." *Doe v. Lewis*, 2020-0320, p. 3 (La.App. 4 Cir. 12/30/20), 312 So.3d 1165, 1169 (citation omitted).

Ms. George maintains that due to a scheduling conflict, her attorney was unable to attend the hearing on the motion for summary judgment and that the trial court did not confirm her attorney's availability prior to scheduling the matter. She also argues that she has not been afforded an opportunity for adequate discovery and requires additional time for her expert to render its report. The granting of summary judgment is predicated upon the completion of adequate discovery or a party being afforded the opportunity to conduct adequate discovery. La. C.C.P. art. 966(A)(3); *see Francois v. Ports Am. Louisiana, L.L.C.*, 2020-0440, p. 5 (La.App. 4 Cir. 3/10/21), 314 So.3d 894, 898 (citations omitted). There is no absolute right to delay an action on a motion for summary judgment, the only requirement is that the parties be given a fair opportunity to present their claim. *Id*.

The facts and procedural history of this matter do not support Ms. George's arguments. The record indicates that she has been afforded a fair opportunity to conduct adequate discovery. Ms. George makes a blanket statement, without support, that her unidentified medical expert requires additional time to render its report. Following the denial of the first motion for summary judgment, Ms. George was granted additional time to obtain a new medical expert as her original expert had passed away. The record is silent as to the steps Ms. George took to obtain a new medical expert in the time between the judgment denying the first motion for summary judgment—December 16, 2022—and the filing of the second motion for summary judgment on January 4, 2024. The trial court determined that Ms. George had significant time to obtain a medical expert. We agree. Accordingly, we find the

9

trial court did not abuse its discretion in denying Ms. George's request for a continuance.

## Decree

For the foregoing reasons, we affirm the judgment of the trial court.

**AFFIRMED**